USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ______________
DATE FILED: August 9, 2017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------- X

MICHAEL KRECHMER, a/k/a "MICHAEL MALICE,"

Plaintiff,

-v-

ANDREA K. TANTAROS and ASTERO, LLC,

Defendants.

---------------------------------------------------------- X

16-cv-7820 (KBF)

ORDER

KATHERINE B. FORREST, District Judge:

This and all further filings shall be on the public docket. From the outset of this case, defendants have sought to prevent disclosure of the parties' names and file every document under seal. In an opinion & order issued July 27, 2017, this Court denied defendants' motion to continue in that manner and ordered that the case be unsealed no later than Tuesday, August 1, 2017. That date was briefly pushed back by order dated July 31, 2017 so the parties could discuss and agree on limited redactions to the materials filed under seal.

What has occurred since then is best characterized by this Court as a circus. The parties may not have apprehended the Court's intent, but because there exists a strong presumption in favor of public access to judicial documents, only those matters requiring redaction as a matter of law or equity shall be allowed. See, e.g. Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119 (2d Cir. 2006) ("The

common law right of public access to judicial documents is firmly rooted in our nation's history.") (citing U.S. v. Amodeo, 44 F.3d 141, 145 (2d Cir. 1995)).

Although the presumption in favor of public access is not absolute, the proposed redactions submitted by both parties far exceed those that are warranted under the applicable legal standards. For instance, it appears that defendants seek to redact various matters with which they disagree, but there is no legal or equitable basis to do so. Additionally, the parties' apparent agreement as to certain redactions that are legally unjustified is not acceptable to the Court. For those reasons, it is hereby ORDERED that:

1. All further filings in this matter shall be made on the public docket, with a full caption of the parties' names.
2. Consistent with applicable law, the Court will only redact words and/or phrases that must be redacted as a matter of law or equity. For example, the word that completes the quote beginning "Little does he know that after reading the book manuscript I actually -- " shall be redacted, and the screenshot of a text message reflecting same shall be maintained under seal. The Court will not redact the full quote, nor will it redact mere references to the quote or text message. An example of the type of proposed redaction that is unacceptable to the Court is attached.
3. Materials previously filed under seal will be posted to the public docket no later than **5:00 pm on Friday, August 11, 2017**. The parties are directed to **immediately** send a letter to the Court indicating a time they are

jointly available to physically review the sealed materials and agree on limited redactions consistent with this order.

4. The parties may no longer send e-mails to chambers regarding this case.

The time for having this case fly below the radar is over. This case has been unsealed. The parties are encouraged to promptly advise the Court of a time they are jointly available to review the sealed records and agree on limited redactions consistent with this order.

SO ORDERED.

Dated: New York, New York
August 9, 2017

K. B. Forrest

KATHERINE B. FORREST
United States District Judge

**RANDAZZA**
LEGAL GROUP

**J. Marshall Wolman, JD**
Licensed in CT, MA, NY, DC

**13 October 2016**

Via U.S. Mail & Email

Judd Burstein, Esq.
Judd Burstein, P.C.
5 Columbus Circle
New York, NY 10019
<jburstein@bursteinlaw.com>

***Re:*** ***Krechmer v. Tantaros*, 16-cv-7820 (KBF)**

Dear Attorney Burstein:

I am in receipt of your e-mail correspondence earlier today in which you, with no evidence or support, accuse our firm and our client of fabricating Exhibit 4 to our letter of October 11, 2016. You have several times accused us of bad faith and misconduct and, frankly, it is unbecoming of an attorney of 35 years of practice. Perhaps these types of baseless threats have served you well over the years; I can assure you that they will not serve you well here. We understand that there is a school of thought that unprofessional bluster serves their clients well. We did not attend that school. We confess that you appear to have more experience than any other lawyer in our firm, but we all had good mentors who taught us that practicing with *professionalism* was better for all involved. We decline to meet your lack of professionalism in kind. However, you should not interpret that as us respecting your approach, nor should you interpret it as us taking it seriously.

Your attack posture is clearly an attempt to delay the unsealing of this case, as you have essentially admitted there is no good cause for it to be sealed. I do look forward to reviewing your motions, as I am hard-pressed to believe the Court would lack subject matter jurisdiction over a disputed copyright claim. Though I am loath to file reciprocal sanctions motions, you, too, should give heed to your obligations under Rule 11 and Section 1927. However, you might wish to remind your clients that we will be seeking an award of attorneys' fees upon entry of judgment in favor of our client. All of the time we spend responding to your motions will be compensable.

If you have any evidence or cognizable theory that the text message is fake, we will certainly consider it. You indicated that it is "absolutely clear" to you it is "a fraudulent text message created by" my client. Have you had Ms. Tantaros's telephone and account forensically examined, or are you claiming to be a forensic expert yourself? Although you asked me to prove the message was real, it seems that you should be in a position to demonstrate the alleged falsity, given your absolute clarity and "certainty on the issue." Rather than saber-rattle regarding a threatened Rule 11 motion, why not, then, simply provide me with whatever evidence you might have of falsity, so that I may evaluate it and determine a course of action? Unless, of course, my suspicion is correct that such motion is contemplated only to keep the matter under seal for an unnatural extension.

No.

Given that you must have forensic evidence to support your claims, and based on your otherwise stated desire that my client prove the authenticity of the message, I would propose we proceed immediately into discovery. Upon proper Rule 34 requests, Mr. Malice will provide his phone for examination, and you will make a proper disclosure of whatever "evidence" you possess that the message is fraudulent. Of course, as noted above, it would certainly expedite our consideration of your allegations if you were to provide it sooner. I would normally suggest you do so by your own imposed deadline of October 18; however, I will be unavailable Monday and Tuesday due to Sukkot observance. As this forensic evidence must be immediately available to you, then, I would suggest you provide it immediately.

Turning to the matter of evidence preservation, we will certainly abide our obligations. I must similarly ask that you and your client do so as well, as well as the forensic computer expert you have retained or will retain.

**DEMAND TO PRESERVE EVIDENCE**

As noted above, we hereby demand that you preserve all documents, tangible things and electronically stored information potentially relevant to the issues in this cause. As used in this Demand to Preserve Evidence, "you" and "your" refers to Andrea Tantaros and Astero, LLC, and their predecessors, successors, parents, subsidiaries, divisions or affiliates, and their respective officers, directors, agents, attorneys, accountants, employees, partners or other persons occupying similar positions or performing similar functions.

You should anticipate that much of the information subject to disclosure or responsive to discovery in this matter is stored on your current and former computer systems and other media and devices (including personal digital assistants, voice-messaging systems, online repositories and cell phones). Electronically stored information (hereinafter "ESI") should be afforded the broadest possible definition and includes (by way of example and not as an exclusive list) potentially relevant information electronically, magnetically or optically stored as:

- Digital communications (e.g., e-mail, voice mail, instant messaging);
- Word processed documents (e.g., Word or WordPerfect documents and drafts);
- Spreadsheets and tables (e.g., Excel or Lotus 123 worksheets);
- Accounting Application Data (e.g., QuickBooks, Money, Peachtree data files);
- Image and Facsimile Files (e.g., .PDF, .TIFF, .JPG, .GIF images);
- Sound Recordings (e.g., .WAV and .MP3 files);
- Video and Animation (e.g., .AVI and .MOV files);
- Databases (e.g., Access, Oracle, SQL Server data, SAP);
- Contact and Relationship Management Data (e.g., Outlook, ACT!);
- Calendar and Diary Application Data (e.g., Outlook PST, Yahoo, blog tools);
- Online Access Data (e.g., Temporary Internet Files, History, Cookies);
- Presentations (e.g., PowerPoint, Corel Presentations)
- Network Access and Server Activity Logs;
- Project Management Application Data;