# JUDD BURSTEIN, P.C.
### ATTORNEYS AT LAW

JUDD BURSTEIN*
PETER B. SCHALK**

G. WILLIAM BARTHOLOMEW**
ALI R. JAFFERY**

*ALSO ADMITTED IN CONNECTICUT
**ALSO ADMITTED IN NEW JERSEY

1790 BROADWAY
NEW YORK, NEW YORK 10019
TEL: (212) 974-2400
FAX: (212) 974-2944
WWW.BURLAW.COM

12 OLD HILL FARMS ROAD
WESTPORT, CONNECTICUT 06880
TEL: (203) 226-4823

November 1, 2016

**VIA HAND DELIVERY and EMAIL – FILED UNDER SEAL**
Honorable Katherine B. Forrest
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: NOV 01 2016

Re:   *Krechmer v. Tantaros, et al.* / Docket No. 16-cv-7820

Dear Judge Forrest:

I write to request an adjustment of the Summary Judgment Motion briefing schedule set by Your Honor last week.

I have a securities fraud arbitration at JAMS set to commence next Monday, November 7, preceded by (a) two depositions to take place this week, and (b) the pre-hearing memorandum, exhibit list, and witness list due this coming Friday, November 4. While I had set aside time this past weekend to write the reply papers in support of Defendants' Motion to Dismiss the Complaint, the conversion of that Motion into a Summary Judgment Motion has made it impossible for me to meet the Court's deadline for two reasons.

**First**, I now have to collect all of Defendant Andrea Tantaros's ("Ms. Tantaros") communications with Plaintiff Michael Krechmer ("Plaintiff") relating to each chapter of Ms. Tantaros's book in order to demonstrate that Plaintiff's allegations concerning his role in the writing of the book are false. Not only will it take some time for Ms. Tantaros to collect all of this information, I will not be able to review it until my arbitration ends next Thursday, November 10, or Friday, November 11.

**Second**, I request a forensic examination of the email attached as Exhibit 1 to Jay Wolman's Declaration in support of Plaintiff's Opposition to Defendants' Motion to Dismiss the Complaint. To be clear, I do not believe that the purported email provides any proof of a new Ghostwriting Agreement because, *inter alia*, (a) Plaintiff has not produced any email or other writing from Ms. Tantaros indicating her assent to Plaintiff's proposed terms, (b) given the absence of any reference in the email to a new agreement, the email would appear to be at best an attempted oral modification

JUDD BURSTEIN, P. C.

Honorable Katherine B. Forrest
November 1, 2016
Page 2

of the Collaboration Agreement that is not unequivocally referable to such an agreement, see *Rose v. Spa Realty Associates*, 42 N.Y.2d 338, 343-44 (1977), (c) the email is wholly inconsistent with the allegation in the Complaint that the payment terms of the new Ghostwriting Agreement incorporated the payment terms of the Collaboration Agreement, and (d) Plaintiff has failed to lay a proper evidentiary foundation sufficient to permit the Court to consider the document on a summary judgment motion. *See* Fed. R. Civ. P. 56(c)(2).

That being said, the form of the purported email bears all the hallmarks of a fraud because (a) it has been submitted as a single message without including any prior emails or subsequent emails for context, and (b) Ms. Tantaros cannot find this email in her Gmail account.

Accordingly, I respectfully ask Your Honor to order Plaintiff and his counsel to appear at my offices by next Wednesday, November 9, with a laptop from which Plaintiff can access his Gmail account and open the alleged email in question. Within 15 minutes or so, my expert will be able to (a) determine whether the email submitted by Plaintiff was ever sent to Ms. Tantaros, and (b) identify all emails associated with the email in question (assuming that it was actually sent) – thereby putting the purported message in its proper context.[1]

With or without the very limited expert examination of Plaintiff's Gmail account that I have requested, I would ask that Your Honor grant me until November 17, 2016 to file my papers so that I can make a full summary judgment presentation.

Respectfully submitted,

Judd Burstein

cc: Jay M. Wolman, Esq. (Via Email)

---

[1] I have purposefully not detailed the tests the expert would perform because I already have concerns about doctored evidence, and do not want to provide Plaintiff the opportunity to potentially create additional false data or emails. However, I can assure the Court that the examination would require only accessing a number of options available to every Gmail user within the application itself, and would not involve any external equipment of any type. Indeed, my expert will not even need to touch the computer. All keyboard strokes can be executed by Plaintiff at the direction of my expert.

I also note that I am not seeking a forensic examination of the purported text message that Plaintiff claims to support the allegation in Paragraph 40 of the Complaint. At this point, no such examination is needed because, while relevant to the issue of sanctions, etc., the legitimacy of the text message is not relevant for the purposes of a summary judgment inquiry.

---

*Handwritten annotations by the Court:*

Ordered
1. Extension to 11/17 granted.
2. On the forensic exam, plaintiff counsel shall confer with defense counsel and if there is disagreement, plaintiff's counsel shall inform the Court why she opposes. The request in writing not later than 11/4/16.

KBF
USDJ
11/1/16