


**RANDAZZA**

**LEGAL GROUP**

Jay Marshall Wolman, JD
Licensed in CT, MA, NY, DC

1 November 2016

<u>Via Electronic Mail and Hand Delivery – FILED UNDER SEAL</u>

Hon. Katherine B. Forrest
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007
<ForrestNYSDChambers@nysd.uscourts.gov>

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: NOV 0 2 2016

  Re: ***Krechmer v. Tantaros* | 16-cv-7820**

Dear Judge Forrest:

I am writing in response to Defendants' letter in which they request a modification of Your Honor's briefing schedule on the basis of a) a pre-existing scheduling conflict, and b) the need for discovery. Unfortunately, we were not contacted prior to the submission of the letter-motion or ruling thereon, and could not, pursuant to Your Honor's Individual Rules of Practice in Civil Cases 1.G.ii.e, consider Defendants' request and determine whether to consent.

Although Defendants do not offer the same reciprocal courtesy, we do not challenge counsel's representation of a conflict and would not have opposed an extension of time on that basis. However, we are compelled to respond to the repeated accusations of fraud so that the Court is not misled.

Defendants, in their letter, question the evidentiary foundation for the admissibility of Exhibit 1, but they do not suggest what, precisely, is flawed with the foundation. In contrast, they have now asserted on multiple occasions that a text message and, now, an e-mail, must be a fraud because, in unsworn fashion, Defendants' counsel relays that Ms. Tantaros claims not to have that message.[1] Plaintiff must respectfully suggest that it is far easier for Ms. Tantaros to delete messages and spoliate evidence than for Mr. Malice to fabricate them in multiple platforms.

Plaintiff must note that Mr. Malice authenticated the essential content of the e-mail message, under oath, in Paragraph 53 of his Verified Complaint; Ms. Tantaros has offered no sworn testimony to the contrary. Assuming, however, Ms. Tantaros is willing to risk swearing that the e-mail does not actually exist, such would represent a genuine issue of material fact in dispute for the jury to determine. As the motion to dismiss has been

---

[1] Although Defendants, in Footnote 1 to their letter-motion, raise the issue of the authenticity of the text message as it relates to their purported motion for sanctions, the motion as served does not actually seek sanctions on the basis of that text message. Moreover, Plaintiff has invited Defendants' counsel to authenticate the text message by obtaining Ms. Tantaros's telephone records, which would contain the metadata that such message existed (and demonstrate to him she deleted a message). To date, it appears Defendants' counsel has chosen not to request such records and chosen to remain willfully blind.

100 Pearl Street, 14th Floor, Hartford, Connecticut 06103

jmw@randazza.com | 702.420.2001

converted to one for summary judgment, Defendants' letter-motion necessitates that summary judgment be denied.

However, Plaintiff agrees that the question of authenticity has been raised and expert examination may be appropriate. The letter-motion, however, seeks to take discovery prior to conducting a Rule 26(f) conference. It goes beyond merely authenticating the March 2, 2016 e-mail message appearing in Exhibit 1; it seeks to review other messages, of unknown scope, to determine the "proper context". To the extent Defendants' expert would sort by message threads, Plaintiff will represent that Ms. Tantaros did not send a threaded-reply. Thus, the expert would essentially be identifying all subsequent e-mails between the parties, as the context is that Defendants did not then contest the amount due.

Oddly, although Defendants suggest a need for authenticating the e-mail message, they also argue that it is not proof of a new Ghostwriting Agreement. A brief response is warranted. First, in supplementation, Plaintiff will provide e-mails from Ms. Tantaros subsequent to the March 2, 2016 e-mail, that do not refute the new agreed upon payments, despite discussing financial distribution. Defendants argued in their dispositive motion that the absence of immediate refutation should be seen as confirmation. Although Plaintiff does not agree to this logic, if Defendants conduct themselves in such fashion, they should be held to their own standard. Second, assuming a trier of fact were to find that the parties did not orally terminate the Collaboration Agreement, the March 2, 2016 e-mail is a writing and is not an "oral modification". See, e.g., *Hostcentric Techs., Inc. v. Republic Thunderbolt, LLC*, 2005 U.S. Dist. LEXIS 11130, at *35-36 (S.D.N.Y. June 9, 2005). Third, the payment terms are not inconsistent—they speak to payment at delivery and publication (essentially, acceptance)—as set forth in the Collaboration Agreement, incorporated into and adapted to the Ghostwriting Agreement. Fourth, as set forth above, the e-mail was authenticated and it is unclear what Rule 56(c)(2) concern is had by Defendants. Moreover, the e-mail is but one piece of evidence demonstrating the existence of the Ghostwriting Agreement as a separate agreement.

This case is now well-beyond the mere issue of subject matter jurisdiction, the only basis upon which Defendants sought an extension of the sealing order.[2] The question of whether or not the Ghostwriting Agreement a) exists, and b) is a separate agreement does not go to the subject matter jurisdiction of this Court to hear the dispute. We are now potentially taking discovery, involving expert testimony,[3] and determining whether or not summary judgment for Defendants on the merits is warranted. Thus, Plaintiff is unsure whether or not the seal remains in effect, which complicates the ability of Plaintiff to investigate rebuttal forensic experts.

---

[2] Defendants did raise the potential of filing a Rule 11 motion, but Plaintiff's opposition to the motion to dismiss demonstrates that there is no foundation to such a motion and Plaintiff does not expect Defendants, in good faith, will file such motion.

[3] If necessary, Plaintiff may need to pursue rebuttal expert testimony once Defendants' expert report is provided.

*Krechmer v. Tantaros* | *16-cv-7820*
Page 3 of 3

RANDAZZA
LEGAL GROUP

In direct response to this Court's order of November 1, 2016, directing Plaintiff, if there is disagreement as to the proposed forensic examination, to "inform the Court why []he opposes the request in writing not later than 11/4/16", Plaintiff states as follows: Because the scope of search, as set forth above, is unclear, and the mechanism of examination is not being disclosed, the request for an examination of "15 minutes or so", without any reasonable restriction. Thus, Plaintiff opposes the request to the extent that the examination exceeds 20 minutes and consists of steps beyond the retrieval of the e-mail message in question and sorting by e-mail threads. Plaintiff further opposes any methodology that would reveal his e-mail password or log such password. Plaintiff is only available for such examination on November 7 & 9, both days between the hours of 11:00 a.m. to 3:00 p.m.

At the time of this writing, Defendants have not yet identified their putative expert or his/her qualifications. Plaintiff's counsel has conferred with counsel for Defendants, who were unable to state whether or not they would have a specific time limit, identify the methodology (though they were apt to not disclose it), or agree that password(s) would not disclosed or logged, as they needed to speak with their expert. Plaintiff reserves the right to further object upon such disclosure or further conference with Defendants, if necessary.

Thank you.

Sincerely,

Jay Marshall Wolman

cc: Defendants (via email)

---

**Ordered**

The forensic examination may occur strictly subject to the above limitations. If the examination requires more than this, it should be conducted during full-blown discovery following resolution of the pending motion.

11/2/16

KBF
USDJ