

JUDD BURSTEIN, P.C.
ATTORNEYS AT LAW

JUDD BURSTEIN*
PETER B. SCHALK**

G. WILLIAM BARTHOLOMEW**
ALI R. JAFFERY**

*ALSO ADMITTED IN CONNECTICUT
**ALSO ADMITTED IN NEW JERSEY

5 COLUMBUS CIRCLE
BROADWAY
NEW YORK, NEW YORK 10019
TEL: (212) 974-2400
FAX: (212) 974-2944
WWW.BURLAW.COM

12 OLD HILL FARMS ROAD
WESTPORT, CONNECTICUT 06880
TEL: (203) 226-4823

November 28, 2016

**VIA EMAIL and HAND DELIVERY – FILED UNDER SEAL**
Honorable Katherine B. Forrest
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    *Krechmer v. Tantaros, et al.* / Docket No. 16-cv-7820

Dear Judge Forrest:

      I write in response to Mr. Wolman's letter of November 23, 2016, which, in essence, asks the Court for a "mulligan" in order to cure Plaintiff's inexcusably defective summary judgment submission.

      Mr. Wolman agrees that the proponent of evidence on a summary judgment motion **does** have an obligation to authenticate evidence when authenticity objections have been raised. Here, with a few exceptions, all of Defendants' authenticity objections have been directed to the authenticity of emails and texts. In a case where Defendants have time and again alleged that Plaintiff has fabricated emails and texts, it is absurd for Mr. Wolman to suggest that he was not on notice that Defendants would challenge the authenticity of such evidence.

      More importantly, this is one of the rare cases where a party has been put on **actual** advance notice that documents submitted in support of a summary judgment motion would be challenged for a lack of authentication. On November 1, 2016, I sent a letter to the Court asking for an expert to examine the purported email that had been submitted as Exhibit 1 (Exhibit A hereto) to Mr. Wolman's October 27, 2016 Declaration in Opposition to Defendants' Motion to Dismiss the Complaint.[1] In making that request, I stated that even if the document were not a fraud, "Plaintiff has failed to lay a proper evidentiary foundation sufficient to permit the Court to consider the document on a summary judgment motion. *See* Fed. R. Civ. P. 56(c)(2)." I could not have been more clear that Defendants intended to insist that Plaintiff lay a foundation for any evidence he intended to submit in opposition to Defendants' converted summary judgment motion.

---

      [1]    It ultimately became logistically impossible for me arrange the expert review which I had sought.

JUDD BURSTEIN, P. C.

Honorable Katherine B. Forrest
November 28, 2016
Page 2

    Nonetheless, not only did Mr. Wolman ignore this unequivocal notice that Defendants were going to insist upon authentication (*i.e.*, "a proper evidentiary foundation") of all documents, **he even ignored my objection to the very email that had been the subject of my November 1, 2016 letter**. Instead, he submitted that same email (Exhibit B hereto) as Exhibit 39 to his November 4, 2016 Declaration. Incredibly, the version of the email in Mr. Wolman's November 4, 2016 Declaration appears in an entirely different format with no explanation from Mr. Wolman.

    In addition, even if the issue of authenticity had not been raised time and again in this case, and even if I had not sent my letter of November 1, 2016, Mr. Wolman could not have reasonably believed that any Court would consider Exhibits 12 and 33 to his November 4, 2016 Declaration without Plaintiff laying an appropriate foundation for what appear to be incomplete summaries of other documents.

    Under these circumstances, this is not a case where Plaintiff should be afforded an opportunity to cure his failure to lay a foundation for evidence which he **knew** would be the subject of authenticity challenges.

    Turning briefly to the procedural issue raised by Mr. Wolman, there is a simple solution: Defendants will withdraw Paragraphs 1, 8 and 10 of their Local Rule 56.1 Statement because (a) the matters raised in Paragraphs 1 and 8 are part of Plaintiff's burden of proof and are denied in Paragraphs 29-32 of Defendants' Response to Plaintiff's Local Rule 56.1 Statement, and (b) Defendants do not need to prove the fact alleged in Paragraph 10 in order to prevail on summary judgment.

    As for the eight paragraphs in Defendants' Local Rule 56.1 Statement that remain after Paragraphs 1, 8, and 10 have been removed, Defendants have no objection to Plaintiff submitting a Local Rule 56.1 Sur-Reply Statement limited to those paragraphs, because the documents to which Defendants have objected on authenticity grounds are not implicated by those remaining paragraphs. As such, the limited response to which Defendants consent could not possibly open the door to Plaintiff trying to lay a proper foundation for those documents. Indeed, I find it hard to believe that Plaintiff's counsel could deny the remaining paragraphs of Defendants' Local Rule 56.1 Statement without violating their obligations under Rule 11.

Respectfully yours,

Judd Burstein

Encls.
cc:   Jay M. Wolman, Esq. (via email; w/ encls.)

---

*Handwritten annotation:*

Ordered

I will nonetheless allow the sur-reply. Do you still want to withdraw the portions of your 56.1 indicated? Let me know.

KBF
USDJ
11/29/16