

USDC SDNY
DOCUMENT
Jay Marshall Wolman, JD
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: NOV 2 8 2016

November 23, 2016

FILED UNDER SEAL
Hon. Katherine B. Forrest
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007
<ForrestNYSDChambers@nysd.uscourts.gov>

    Re:    *Krechmer v. Tantaros* | 16-cv-7820

          *Letter-Motion for Leave to Respond to 56.1 Statement or, in the alternative, to Strike Defendants' Reply, Statement, and Exhibits*

Dear Judge Forrest:

    On October 28, 2016, following the submission of Plaintiff's opposition thereto, the Court converted Defendants' pending motion to dismiss into one for summary judgment and altered the briefing schedule to permit Plaintiff to introduce evidence in opposition to summary judgment. Defendants were permitted to file a reply, ultimately extended twice to November 21, 2016. On November 21, 2016, Defendants filed a reply memorandum, styled "Defendants' Memorandum of Law in Support of their Motion for Summary Judgment", as well as a new Statement of Material Facts Pursuant to Local Rule 56.1, Declarations from Plaintiff and her counsel, and several dozen exhibits.[1]

    Neither the Local Rules, the Individual Rules of Practice, or the Orders of this Court address whether a defendant, whose motion is converted from a motion to dismiss to a motion for summary judgment, is thereafter permitted to introduce new evidence or file a Local Rule 56.1 statement. If such is permissible, then Plaintiff is required to respond and cite to supporting evidence or risk that the alleged undisputed statement of material fact would be deemed admitted. See Local Rules 56.1(b) – (d). To the extent it may qualify as a surreply under Your Honor's Individual Rules of Practice in Civil Cases 2.D., Plaintiff hereby requests leave to file a response to Defendants' Statement of Material Facts and a Declaration of Michael Krechmer.[2] See *Bayway Ref. Co. v. Oxygenated Mktg. & Trading A.G.*, 215 F.3d 219, 226-27 (2d Cir. 2000); see also *Litton Indus. v. Lehman Bros. Kuhn Loeb, Inc.*, 767 F. Supp. 1220, 1235 (S.D.N.Y. 1991)( "Where new evidence is presented in a party's reply brief or affidavit in further support of its summary judgment motion, the district court should permit the nonmoving party to respond to the new matters prior to the disposition of the motion.") rev'd on other grounds, 967 F.2d 742 (2d Cir. 1992). In the alternative, to avoid any prejudice by virtue of the submissions being

---

[1] The declarations and exhibits served a dual function of also being in support of the motion for preliminary injunction, filed therewith.

[2] Pursuant to a telephonic inquiry to Chambers, I was advised that submission of a letter-motion seeking leave to file a surreply does not require submission of the proposed surreply itself.

submitted as part of a reply, Defendants' Statement, their exhibits, and all portions of the reply relying upon the same should be stricken.

In addition to Local Rule 56.1(d) otherwise permitting the submission of Mr. Krechmer's declaration, Plaintiff should be permitted to file it in response to Defendants' argument in reply. The exhibits previously filed by Plaintiff were authenticated by Plaintiffs' counsel. Notably, a party is not required to authenticate exhibits submitted in summary judgment practice unless and until the other side "challenge[s] the authenticity of the documents in the district court." See *H. Sand & Co. v. Airtemp Corp.*, 934 F.2d 450, 454-55 (2d Cir. 1991) citing 10 A.C. Write, A. Miller, & M. Kane, Federal Practice and Procedure § 272 at 60 & n.38 (1d ed. 1983 & Supp. 1991). Curiously, although Defendants challenge this method of authentication, they do not contest the actual authenticity (or completeness) of any of the specific documents. Moreover, when presented with a challenge to authenticity, the Second Circuit permits the party seeking to introduce the exhibit the opportunity to submit evidence in support of authenticity. See *Rodriguez v. Vill. Green Realty, Inc.*, 788 F.3d 31, 46-47 (2d Cir. 2015). Defendants' quotation of *Kiefer v. Crane Co.*, 2014 WL 6778704 (S.D.N.Y. 2014) is misplaced; that quotation dealt with a failure to specifically abide the requirements of Local Rule 56.1, not with authenticity of exhibits to oppose a motion under Fed.R.Civ.P. 56. Further, *Kiefer* predates the Second Circuit's decision in *Rodriguez, supra*, which permits a party to cure the alleged deficiency in authentication. Therefore, Plaintiff requests leave to submit a Declaration of Plaintiff authenticating the exhibits in question and otherwise in support of all factual statements responded-to herein, pursuant to Local Rule 56.1(d).

Thank you for your attention to this matter.

Sincerely,

Jay M. Wolman

Cc: Defendants' Counsel of Record

*[Handwritten annotation:]* So ordered. When can you get it in? By 12/12?

*[Signed:]* KBF for US DJ
11/28/16