UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
MICHAEL KRECHMER a/k/a                                              16-CV-7820 (KBF)
"Michael Malice," an Individual,

                                         *Plaintiff,*

ANDREA K. TANTAROS, an individual; and                    **STATEMENT OF**
ASTERO, LLC, a New Jersey limited liability company,      **MATERIAL FACTS**
                                                **PURSUANT TO**
                             *Defendants.*                                          **LOCAL RULE 56.1**
------------------------------------------------------------------------X

      Defendants Andrea K. Tantaros ("Ms. Tantaros") and Astero, LLC (collectively "Defendants"), as and for their Statement of Material Facts on a Motion for Summary Judgment pursuant to Local Rule 56.1, state as follows:

      1.     The Collaboration Agreement was never terminated. (*See* the accompanying Declaration of Andrea Tantaros ["Tantaros Dec."], at ¶¶ 3, 30-51, 56-61; *see also* Exs. E, O, P, Y, Z, AA, BB, CC, DD, EE, FF, GG, HH, II, JJ, LL, MM, NN to Tantaros Dec.).

      2.     Plaintiff alleged that payments were due to him under the Collaboration Agreement after it was supposedly cancelled. (Plaintiff's Verified Complaint, ¶¶ 42-43, 45-46).

      3.     Plaintiff's attorneys asserted rights under the Collaboration Agreement after it was allegedly cancelled. (Plaintiff's Rule 56.1 Statement at ¶ 109, Exhibit 47, ¶ 118, Exhibit 54; *see also* Plaintiff's Verified Complaint, ¶¶ 42-43, 45-46).

      4.     The Collaboration Agreement vested all authorship and attribution rights in Ms. Tantaros. (Ex. P to Tantaros Dec., at § 4).

      5.     The Collaboration Agreement obligated Plaintiff to "writ[]e original material." (Ex. P to Tantaros Dec., at § 2).

6.     The parties never executed a writing modifying the Collaboration Agreement. (Tantaros Dec., ¶¶ 3, 30, 34).

7.     Plaintiff published statements that were prohibited by the Collaboration Agreement's confidentiality provision.

8.     The parties never entered into a new Ghostwriting Agreement. (Tantaros Dec., ¶¶ 3, 30, 34).

9.     Defendants never executed a writing transferring the Copyright in the Book to Plaintiff. (Tantaros Dec., ¶¶ 3, 30, 34).

10.    Ms. Tantaros authored the majority of the book. (Tantaros Dec., ¶¶ 15-16, 18-20, 22-28, 31, 36-50, Exs., E, J, K, M, N, O, Q, R, T, U, V, X, Y, Z, AA, BB, CC, EE, HH, II, JJ, KK, NN to Tantaros Dec.).

11.    Upon Defendants' acceptance of the manuscript, they only owed Plaintiff $10,000. (Ex. P to Tantaros Dec., at § 3; *see also* Tantaros Dec., at ¶ 59; Plaintiff's Rule 56.1 Statement at Exhibit 33, p. 20).

        Respectfully submitted,
        JUDD BURSTEIN, P.C.

        By:_____
          Judd Burstein
        5 Columbus Circle, Suite 1201
        New York, New York 10019
        (212) 974-2400
        jburstein@burlaw.com
        *Attorneys for Defendants*