UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
MICHAEL KRECHMER a/k/a
"Michael Malice," an individual,

                                                                                            16-CV-7820 (KBF)

                                *Plaintiff*,

   -- against --

ANDREA K. TANTAROS, an individual; and
ASTERO, LLC, a New Jersey limited liability company,

                                *Defendants*.
------------------------------------------------------------------X

## COUNTER-STATEMENT PURSUANT TO LOCAL RULE 56.1(b)

Pursuant to Rule 56.1(b) of the Local Rules of this Court, Defendants Andrea Tantaros ("Tantaros") and Astero, LLC ("Astero") (collectively, "Defendants") submit the following response to Plaintiff Michael Malice's ("Malice") Statement of the Material Facts ("Malice's Statement") as to which he contends that there is no genuine issue to be tried:

    1.    Defendants are unaware of the truth of Paragraph 1 of Malice's Statement, but allege that this Paragraph is entirely irrelevant.

    2.    Admitted.

    3.    Admitted.

    4.    Admitted.

    5.    Admitted

    6.    Denied, in that Tantaros entered into her contract with HarperCollins in February of 2014. (Declaration of Andrea Tantaros, dated November 21, 2016, ("Tantaros Dec.") at ¶ 4, Exhibit ("Exh.") A thereto)

    7.    Denied. (Tantaros Dec. at ¶ 8, Exhs. C-E thereto)

    8.    Admitted.

9. Admitted.

10. Denied, in that Malice and Tantaros began working on the Book as early as April 12, 2016. (Tantaros Dec. at ¶ 15, Ex. J thereto)

11. Admitted. However, Malice's description of the Collaboration Agreement is misleading in that omits the fact that the Collaboration Agreement required Malice to "writ[e] original material...." (Tantaros Dec. at ¶ 56, Ex. P thereto at § 2.1).

12. Admitted.

13. Admitted.

14. Admitted.

15. Denied, in that Exh. 9 to Malice's Statement is inadmissible because Malice has failed to authenticate it.

16. Denied. (*See* Tantaros Dec. at ¶¶ 8, 18-20, 22-29, Exhs. M-O, Q-W, and KK thereto) In addition, Exh. 9.5 to Malice's Statement is inadmissible because Malice has failed to authenticate it.

17. Admitted.

18. Denied, in that Exh. 10 to Malice's Statement is inadmissible because Malice has failed to authenticate it.

19. Denied, in that Exh. 11 to Malice's Statement is inadmissible because Malice has failed to authenticate it.

20. Denied, in that Exh. 12 to Malice's Statement is inadmissible because it is an incomplete, cherry-picked summary of supposed text messages between Tantaros and Malice which Malice has not authenticated

21.     Denied, in that Exh. 13 to Malice's Statement is inadmissible because Malice has failed to authenticate it.

22.     Denied, in that Exh. 14 to Malice's Statement is inadmissible because Malice has failed to authenticate it.

23.     Denied. (*See* Tantaros Dec. at ¶ 35)  Further denied insofar as Exh. 15 to Malice's Statement is inadmissible because Malice has failed to authenticate it.

24.     Denied. (*See* Tantaros Dec. at ¶ 30)

25.     Denied. (*See* Tantaros Dec. at ¶ 30)

26.     Denied. (*See* Tantaros Dec. at ¶ 30) Defendants further allege that it is absurd for Malice to allege that Tantaros feared that her editor would discover that she was working with Malice, as Tantaros sent her editor an email disclosing that she wanted to work with Malice. (*See* Tantaros Dec. at ¶ 10, and Exh. F. thereto)

27.     Denied. (*See* Tantaros Dec. at ¶¶ 6, 10, 30)

28.     Denied. (*See* Tantaros Dec. at ¶¶ 6, 10, 30)

29.     Denied. (*See* Tantaros Dec. at ¶¶ 30, 33-34)

30.     Denied. (*See* Tantaros Dec. at ¶¶ 30, 33-34)

31.     Denied. (*See* Tantaros Dec. at ¶¶ 30, 33-34)

32.     Denied. (*See* Tantaros Dec. at ¶¶ 30, 33-34)

33.     Denied. (*See* Tantaros Dec. at ¶¶ 30, 33-34)

34.     Admitted, in that there never was a Ghostwriting Agreement entered into by Malice and Tantaros. (*See* Tantaros Dec. at ¶¶ 30, 33-34)

35.     Admitted, in that there never was a Ghostwriting Agreement entered into by Malice and Tantaros. (*See* Tantaros Dec. at ¶¶ 30, 33-34)

36. Admitted, in that that there never was a Ghostwriting Agreement entered into by Malice and Tantaros. (*See* Tantaros Dec. at ¶¶ 30, 33-34)

37. Admitted, in that there never was a Ghostwriting Agreement entered into by Malice and Tantaros. (*See* Tantaros Dec. at ¶¶ 30, 33-34)

38. Denied, because there never was a Ghostwriting Agreement entered into by Malice and Tantaros. (*See* Tantaros Dec. at ¶¶ 30, 33-34)

39. Admitted, in that there never was a Ghostwriting Agreement entered into by Malice and Tantaros, and also because Tantaros was still writing the book herself. (*See* Tantaros Dec. at ¶¶ 30, 33-34)

40. Denied, in that Exh. 12 to Malice's Statement is inadmissible for the reasons set forth in Paragraph 20 above.

41. Denied, in that Exh. 12 to Malice's Statement is inadmissible for the reasons set forth in Paragraph 20 above.

42. Denied, in that Exh. 12 to Malice's Statement is inadmissible for the reasons set forth in Paragraph 20 above.

43. Denied, in that Exh. 12 to Malice's Statement is inadmissible for the reasons set forth in Paragraph 20 above.

44. Admitted that Malice asked for his check to be made out to his real name, but denied because Exh. 15 to Malice's Statement is inadmissible because Malice has failed to authenticate it. Moreover, there is nothing in Exh. 15 that references a Ghostwriting Agreement, much less that the payment of the money was paid pursuant to such an agreement.

45. Denied, in that Exh. 12 to Malice's Statement is inadmissible for the reasons set forth in Paragraph 20 above.

46. Denied, in that Exh. 12 to Malice's Statement is inadmissible for the reasons set forth in Paragraph 20 above.

47. Denied, in that Exhs. 16 and 17 are inadmissible because Malice has failed to authenticate them.

48. Admitted that Tantaros made a $15,000 payment to Malice, but denied that the payment was paid pursuant to a non-existent Ghostwriting Agreement between Malice and Tantaros. (*See* Tantaros Dec. at ¶¶ 30, 33-34).

49. Admitted that the Collaboration Agreement did not call for a $15,000 payment at the time it was made, but denied that the payment was made pursuant to the non-existent Ghostwriting Agreement. (*See* Tantaros Dec. at ¶¶ 30, 33-34).

50. Admitted, although denied that there was ever any Ghostwriting Agreement between Tantaros and Malice. (*See* Tantaros Dec. at ¶¶ 30, 33-34)

51. Admitted, although denied that there was ever any Ghostwriting Agreement between Tantaros and Malice. (*See* Tantaros Dec., at ¶¶ 30, 33-34)

52. Admitted, although denied that there was ever any Ghostwriting Agreement between Tantaros and Malice. (*See* Tantaros Dec., at ¶¶ 30, 33-34)

53. Admitted to the extent that, as part of his duties under the Collaboration Agreement, Malice did record Tantaros's spoken drafts of chapters, and then created written versions of her spoken drafts. However, denied insofar as Paragraph 53 of Malice's Statement suggests that Tantaros ceased writing original work herself after the date of the purported Ghostwriting Agreement. (*See* Tantaros Dec. at ¶¶ 35-49, Exhs. Y, Z, AA, BB, CC, DD, EE, GG, HH, II, JJ, LL, MM, NN thereto)

54. Denied, in that Exh. 12 to Malice's Statement is inadmissible for the reasons set

forth in Paragraph 20 above.

55. Denied, in that Exh. 20 to Malice's Statement is inadmissible because Malice has failed to authenticate it. Moreover, Malice asking for the name of Tantaros's brother is entirely consistent with his duties under the Collaboration Agreement. (*See* Tantaros Dec. at ¶ 56, Exh. P thereto at § 2.1)

56. Denied, in that Exh. 21 to Malice's Statement is inadmissible because Malice has failed to authenticate it.

57. Denied, in that Exh. 12 to Malice's Statement is inadmissible for the reasons stated in Paragraph 20 above.

58. Denied, in that Exh. 12 to Malice's Statement is inadmissible for the reasons stated in Paragraph 20 above.

59. Denied, in that Exh. 12 to Malice's Statement is inadmissible for the reasons stated in Paragraph 20 above.

60. Denied, in that Exh. 12 to Malice's Statement is inadmissible for the reasons stated in Paragraph 20 above.

61. Denied, in that Exh. 12 to Malice's Statement is inadmissible for the reasons stated in Paragraph 20 above.

62. Denied, in that Exh. 23 to Malice's Statement is inadmissible because Malice has failed to authenticate it.

63. Denied, in that Exh. 12 to Malice's Statement is inadmissible for the reasons stated in Paragraph 20 above.

64. Denied, in that Exh. 12 to Malice's Statement is inadmissible for the reasons stated in Paragraph 20 above.

65. Denied, in that Exh. 12 to Malice's Statement is inadmissible for the reasons stated in Paragraph 20 above.

66. Denied, in that Exh. 12 to Malice's Statement is inadmissible for the reasons stated in Paragraph 20 above.

67. Denied, in that Exh. 24 to Malice's Statement is inadmissible because Malice has failed to authenticate it.

68. Denied, in that Exh. 25 to Malice's Statement is inadmissible because Malice has failed to authenticate it.

69. Denied, in that Exh. 26 to Malice's Statement is inadmissible because Malice has failed to authenticate it.

70. Denied, in that Exh. 27 to Malice's Statemet is inadmissible because Malice has failed to authenticate it.

71. Denied, in that Exh. 12 to Malice's Statement is inadmissible for the reasons stated in Paragraph 20 above.

72. Denied, in that Exhs. 28 and 29 to Malice's Statement are inadmissible because Malice has failed to authenticate them. However, admitted, in that the manuscript was delivered to HarperCollins.

73. Admitted.

74. Denied, in that HarperCollins did not approve the Manuscript at this time. However, admitted, in that the Collaboration Agreement called for another payment because Tantaros had approved of the submission of the manuscript to HarperCollins.

75. Admitted, but Defendants state that Malice was not entitled to the payment of more monies because he had breached the confidentiality provision of the Collaboration

7

Agreement. (*See* Tantaros Dec. at ¶ 52)

76. Denied, in that Exhs. 30 and 31 to Malice's Statement are inadmissible because Malice has failed to authenticate them.

77. Denied, in that Exh. 32 to Malice's Statement is inadmissible because Malice has failed to authenticate it, and Exh. 12 to Malice's Statement is inadmissible for the reasons stated in Paragraph 20 above.

78. Denied, in that Exh. 33 to Malice's Statement is inadmissible for the same reasons, as stated above in Paragraph 20, that Exh. 12 to Malice's Statement is inadmissible. Admitted, in that Harper Collins started sending out copies of the book on or about January 20, 2016, thereby signaling that it had accepted Tantaros's manuscript.

79. Admitted, but Defendants state that Malice was not entitled to the payment of more monies because he had breached the confidentiality provision of the Collaboration Agreement. (*See* Tantaros Dec. at ¶ 52)

80. Admitted, but Defendants state that Malice was not entitled to the payment of more monies because he had breached the confidentiality provision of the Collaboration Agreement. (*See* Tantaros Dec. at ¶ 52)

81. Defendants are unable to answer this allegation because it calls for them to speculate about the operation of Malice's mind.

82. Admitted that Tantaros and Malice discussed the acknowledgement that would be made to him in the Book, but denied, in that Exhs. 35 and 36 to Malice's Statement are inadmissible because Malice has failed to authenticate them.

83. Denied, in that Exh. 35 to Malice's Statement is inadmissible because Malice has failed to authenticate it.

84. Admitted.

85. Denied, in that Exh. 38 to Malice's Statement is inadmissible because Malice has failed to authenticate it.

86. Denied, in that Exh. 33 to Malice's Statement is inadmissible for the same reasons, as stated above in paragraph 20, that Exh. 12 to Malice's Statement is inadmissible.

87. Denied, in that Exh. 33 to Malice's Statement is inadmissible for the same reasons, as stated above in paragraph 20, that Exh. 12 to Malice's Statement is inadmissible.

88. Denied, in that Exh. 33 to Malice's Statement is inadmissible for the same reasons, as stated above in paragraph 20, that Exh. 12 to Malice's Statement is inadmissible. Moreover, the last sentence of Paragraph 88 in Malice's Statement is inadmissible hearsay.

89. Denied. (*See* Tantaros Dec. at ¶ 53)

90. Denied, in that Exh. 39 to Malice's Statement is inadmissible because Malice has failed to authenticate it.

91. Denied, in that Exh. 39 to Malice's Statement is inadmissible because Malice has failed to authenticate it.

92. Denied, in that Exh. 40 to Malice's Statement is inadmissible because Malice has failed to authenticate it.

93. Admitted, in that Tantaros asked Malice to sign a confidentiality agreement, but, in doing so, she was referring to the payment schedule provided for by the Collaboration Agreement. (*See* Tantaros Dec. at ¶¶ 30, 33-34)

94. Denied, in that Exh. 42 to Malice's Statement is inadmissible because Malice has failed to authenticate it.

95. Denied, because alleging facts on "information and belief" is not permitted on a

summary judgment motion.

96. Admitted.

97. Denied, in that Exh. 43 to Malice's Statement is inadmissible because Malice has failed to authenticate it.

98. Denied. Defendants respectfully refer to the non-disclosure agreement and the acknowledgments section of the Book for the truth of the matters asserted.

99. Denied, in that Exh. 43 to Malice's Statement is inadmissible because Malice has failed to authenticate it.

100. Admitted.

101. Admitted.

102. Admitted as to the Collaboration Agreement, but denied as to the purported Ghostwriting Agreement because no such agreement ever existed. (*See* Tantaros Dec. ¶¶ 30, 33-34)

103. Tantaros cannot answer this allegation because it calls for her to speculate about the operation of Malice's mind, but the fact that Malice was not paid any more money is admitted.

104. Admitted, but denied that Defendants will not offer specifics. (*See* Tantaros Dec. at ¶ 52).

105. Admitted, except there is no basis for alleging that the demand was improper.

106. Denied. (*See* Tantaros Dec. at ¶ 54)

107. Tantaros cannot answer this allegation because it calls for her to speculate about the operation of Malice's mind.

108. Denied. (*See* Tantaros Dec. at ¶ 61)

10

109. Admitted.

110. Admitted.

111. Denied. (*See* Tantaros Dec. at ¶¶ 30, 33-35)

112. Denied. (*See* Tantaros Dec. at ¶¶ 30, 33-35)

113. Denied. (*See* Tantaros Dec. at ¶¶ 30, 33-35)

114. Admitted.

115. Admitted.

116. Admitted.

117. Admitted.

118. Admitted.

119. Admitted, except denied that Tantaros owes Malice any money. (*See* Tantaros Dec. at ¶¶ 30, 33-34, 52)

Dated: New York, New York
November 21, 2016

JUDD BURSTEIN, P.C.

By_____
Judd Burstein (JB-9585)
5 Columbus Circle, Suite 1501
New York, New York 10019
(212) 974-2400
(212) 974-2944 (Fax)
jburstein@burlaw.com
*Attorneys for Defendants*