UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
MICHAEL KRECHMER a/k/a                                    16-CV-7820 (KBF)
"Michael Malice," an Individual

                                    *Plaintiff*,

   -against-

ANDREA K. TANTAROS, an individual; and
ASTERO, LLC, a New Jersey limited liability company

                                   *Defendants*.
------------------------------------------------------------------X

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT**

JUDD BURSTEIN, P.C.
5 Columbus Circle, Suite 1501
New York, New York 10019
Tel:   212-974-2400
Fax:  212-974-2944
Email: jburstein@burlaw.com
*Attorneys for Defendants*

## INTRODUCTION

Defendants Andrea Tantaros ("Tantaros") and Astero, LLC ("Astero" collectively with Tantaros "Defendants") submit this Memorandum of Law in support of their motion for summary judgment dismissing Plaintiff Michael Krechmer a/k/a Michael Malice's ("Plaintiff" or "Malice") Complaint.

## PROCEDURAL HISTORY

On October 19, 2016, Defendants moved to dismiss the Complaint pursuant to Fed. R. Civ. P 12(b)(1) and 12(b)(6). On October 27, Plaintiff filed his response to Defendants' motion. On October 28, the Court converted Defendants' motion into a motion for summary judgment, and gave Plaintiff an opportunity "to present additional evidence pertinent to the motion," and an opportunity for Defendants to reply to any such evidence presented by Plaintiff. On November 4, Plaintiff presented his additional evidence, consisting of a Statement pursuant to Local Rule 56.1(b), supported only by an affidavit by counsel to which various exhibits were annexed.

## STATEMENT OF THE FACTS

The facts relevant to a determination of this motion are set forth in parties' respective Local Rule 56.1 Statements, to which the Court is respectfully referred. However, as discussed *infra*, the great bulk of Plaintiff's "evidence" offered in support of its motion must be disregarded by the Court because, for a variety of reasons, it is inadmissible.

## ARGUMENT[1]

### POINT I

### THE EVIDENCE THAT THE COURT MAY CONSIDER ON A SUMMARY JUDGMENT MOTION

In the first instance, it is important to focus upon what evidence can be considered on a summary judgment motion. Local Rule 56.1(d) provides that "[e]ach statement by the movant or opponent pursuant to Rule 56.1(a) and (b), including each statement controverting any statement of material fact, must be followed by citation to evidence which would be admissible, set forth as required by Fed. R. Civ. P. 56. Fed. R. Civ. P. 56(c)(4), in turn, provides: "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."

In order for "evidence" to be considered on a summary judgment motion, the party offering the evidence must lay a foundation for its admissibility. Exhibits attached to an attorney's declaration may not be used to support a summary judgment motion absent personal knowledge on the part of the attorney. *See Kiefer v. Crane Co.,* 2014 WL 6778704, *1 (S.D.N.Y. 2014) (Forrest, D.J.): ("[I]n this instance there were with respect to each of the motions affirmations submitted by counsel for plaintiffs, attached to which were materials which the plaintiffs then proceeded to rely upon in the form of an attorney affirmation for the propositions of fact which he wanted to put forward. That is not a sufficient manner for opposing 56.1.").

---

[1] The Court is well aware of the standards governing summary judgment motions, and we will not waste its valuable time by repeating them here.

Documents that have not been properly authenticated also cannot be considered on a summary judgment motion. *Wausau Bus. Ins. Co. v. Sentosa Care LLC*, 10 F. Supp. 3d 444, 446 (S.D.N.Y. 2014) (Crotty, D.J.) The same is true of hearsay offered in support of a summary judgment motion. *See Rockland Vending Corp. v. Creen*, 2009 WL 2407658, at *16 (S.D.N.Y. Aug. 4, 2009) ("[H]is testimony is hearsay, and thus cannot help Plaintiffs create a genuine issue of material fact....") Finally incomplete documents may also not be considered on a summary judgment, particularly if they are summaries of documents where those underlying documents have not been authenticated. "[S]ummary evidence is admissible only if the underlying documents upon which the summary is based are also admissible." *BD ex rel. Jean Doe v. DeBuono*, 193 F.R.D. 117, 129 (S.D.N.Y. 2000) (McMahon, D.J.). *See, e.g., Kramsky v. Chetrit Group, LLC*, 2011 WL 2326920, at *2 (S.D.N.Y. 2011) (Court refused to consider incomplete documents on a summary judgment motion).

In sum, as explained by the Court in *Patterson v. Cty. of Oneida, N.Y.*, 375 F.3d 206, 219 (2d Cir. 2004):

> Affidavits submitted in support of or in opposition to the summary judgment motion must "be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein...." The Rule's requirement that affidavits be made on personal knowledge is not satisfied by assertions made "on information and belief." However, a verified pleading, to the extent that it makes allegations on the basis of the plaintiff's personal knowledge, and not merely on information and belief, has the effect of an affidavit and may be relied on to oppose summary judgment.... Rule 56(e)'s requirement that the affiant have personal knowledge and be competent to testify to the matters asserted in the affidavit also means that an affidavit's hearsay assertion that would not be admissible at trial if testified to by the affiant is insufficient to create a genuine issue for trial.... Nor is a genuine issue created merely by the presentation of assertions that are conclusory.... Rule 56(e) states that "[w]hen a motion for summary judgment is made and supported as provided in this rule, ... the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse

3

party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party."

## POINT II

## PLAINTIFF'S FIRST AND SECOND CLAIMS FOR RELIEF MUST BE DISMISSED

Plaintiff's First and Second Claims for Relief are predicated upon the claim that Tantaros does not properly own the copyright for *Tied Up in Knots* (the "Book"). However, both claims are wholly dependent upon the Collaboration Agreement having been terminated and then replaced by the Ghostwriting Agreement.[2]

At the outset, we note that almost none of the "evidence" presented by Plaintiff in opposition to Defendant's motion may be considered by the Court because all of the exhibits submitted by Malice have been submitted through his attorney, as opposed to Malice. That fact requires the Court to ignore those exhibits. *See Kiefer*. In addition, as set forth in Defendants' response to Plaintiff's Local Rule 56.1 Statement, there are other reasons why the exhibits submitted by Malice's attorney may not be considered by the Court.

Indeed, the only purportedly undisputed facts that the Court can consider are Paragraphs 1-8, 14, 17, 24-39, 48, 50-53, 72-74, 78-80, 82, 84, 89, 93, 96, 98, 100-106, 108-119 of Plaintiff's Local Rule 56.1 Statement (the "Malice Statement"). These "facts" are insufficient.

Put simply, Plaintiff's limited allegations – most of which are undeniably contradicted by documentary evidence attached to the Declaration of Tantaros (Tantaros Dec.) – do not begin to

---

[2] Of course, even, if proven, that fact would be insufficient because there can be no dispute that the Collaboration Agreement gave Tantaros copyright ownership of the Book. Further, even Plaintiff does not dispute that Tantaros wrote significant portions of the book, and Tantaros's Declaration, at ¶¶ 9-10, 22-29, 36-49 thereof, demonstrates that she did so. Hence, even if the Collaboration Agreement had been terminated, that would not have resulted in the transfer of Tantaros's copyright ownership, because even Plaintiff concedes that, as required by 17 U.S.C. § 204, there was no written transfer of copyright ownership.

4

permit a rational inference that the parties terminated the Collaboration Agreement and entered into a new oral Ghostwriting Agreement. Indeed, **Plaintiff has failed to produce a single document that references the existence of a Ghostwriting Agreement**. Moreover, there is compelling evidence that there was no such agreement. Of most importance are the following facts:

a. The $15,000 check paid to Malice in July 2015 had "Happy Birthday" on the memo line – a significant fact given that Malice's birthday is in July. (Declaration of Judd Burstein, Ex. 2 and Tantaros Dec. at ¶ 30);

b. In **January of 2016**, Malice was discussing with Tantaros **only** his right to payments under the Collaboration Agreement (*See* Tantaros Dec., at ¶ 60), something that would make no sense if that Agreement had been terminated and replaced some six months prior;[3]

c. At no time prior to the filing of this Complaint did Plaintiff ever even mention the possible existence of a Ghostwriting Agreement (Tantaros Dec., at ¶ 51); and

e. Plaintiff's counsel wrote three letters on Plaintiff's behalf asserting Plaintiff's rights under the Collaboration Agreement, without ever mentioning the Ghostwriting Agreement.[4]

Taken together, and notwithstanding Plaintiff's "bare assertions" to the contrary, *see Capital One Nat. Ass'n v. 48-52 Franklin, LLC*, 2014 WL 1386609, at *6 (S.D.N.Y. Apr. 8, 2014)

---

[3] While Defendants have objected to Plaintiff's reliance upon the document containing this conversation, Defendants may still use it as an admission on the part of Plaintiff.

[4] These letters might be viewed as inadmissible settlement communications if submitted by Defendants. However, Plaintiff has submitted these three same letters in support of Plaintiff's opposition to Defendants' motion (Exhibits 47 and 54 to Malice Statement). Hence Plaintiff cannot complain about Defendants' reliance upon documents submitted by Plaintiff.

(Schofield, D.J.), these facts destroy any claim that the parties entered into an oral Ghostwriting Agreement, thereby mandating summary judgment in Defendants' favor. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 575 (1986) ("If the factual context renders respondents' claims implausible, i.e., claims that make no economic sense, respondents must offer more persuasive evidence to support their claims than would otherwise be necessary.").

Hence, even if there had been an agreement to increase Malice's compensation (and there was no such agreement), it would have been an oral agreement that would have been unenforceable pursuant to Section 12 of the Collaboration Agreement. (Tantaros Dec., at ¶ 21, Exhibit P) Since the *sine qua non of* Malice's First Claim for Relief is that the Collaboration Agreement was terminated, that claim falls of its own weight given his failure to produce sufficient evidence to withstand summary judgment.

## POINT III

## THE REMAINING PORTIONS OF THE COMPLAINT SHOULD BE DISMISSED

If the Court dismisses Plaintiff's First and Second Claims for Relief because there is no proof that the Collaboration Agreement was terminated, there is no basis to involve the Court's subject matter jurisdiction. Moreover, Plaintiff's claims for damages under the alleged Ghostwriting Agreement would also fail because Plaintiff's First and Second Claims for Relief would be dismissed on the ground that the Collaboration Agreement was never terminated. That would leave the Court with a dispute over whether Defendant still owed Plaintiff $10,000 under the Collaboration Agreement. Although this Court obviously has the discretion to exercise pendent jurisdiction over this claim, *see, e.g., Williams-Steele v. Trans Union,* 2015 WL 576707 (S.D.N.Y. 2015 (Daniels, D.J.), retaining a case that would likely be presided over by the New York County Civil Court, *see* NY City Civ. Ct. Act § 201, makes no sense.

## CONCLUSION

WHEREFORE, for the foregoing reasons, as well as those set forth in the accompanying papers and Defendants' moving papers in support of their motion to dismiss and for related relief, Defendants respectfully request that this Court (a) grant summary judgment dismissing Plaintiff's Verified Complaint in full, and (b) grant Defendants such other and further relief as this Court deems just and proper.

Dated: New York, New York
       November 21, 2016

Respectfully submitted,

JUDD BURSTEIN, P.C.

By:_____
Judd Burstein (JB-9585)
5 Columbus Circle, Suite 1501
New York, New York 10019
Tel: (212) 974-2400
Fax: (212) 974-2944
jburstein@burlaw.com
*Attorneys for Defendants*

7