UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
MICHAEL KRECHMER, a/k/a
"Michael Malice," an individual,

                 Plaintiff,                       Case No.: 16-cv-7820 (KBF)

       -against-

                                       **PLAINTIFF'S RESPONSE TO**
ANDREA K. TANTAROS, an individual; and   **DEFENDANTS' STATEMENT OF**
ASTERO, LLC, a New Jersey limited liability           **MATERIAL FACTS**
company,

                Defendants.
-----------------------------------------------------------x

      Pursuant to this Court's Order of October 28, 2016, Defendants' Motion to Dismiss was converted to one for summary judgment, and Plaintiff was given the opportunity to present additional evidence pertinent to the Motion. Plaintiff submitted such additional evidence on November 4, 2016 in the form of a Local Rule 56.1 Statement of Additional Material Facts ("SAMF"). On November 21, 2016, Defendants filed a reply memorandum, styled "Defendants' Memorandum of Law in Support of their Motion for Summary Judgment", as well as a new "Statement of Material Facts Pursuant to Local Rule 56.1". By order of November 28, 2016, Plaintiff was granted leave to submit a declaration authenticating exhibits previously filed as well as in support of the instant response to Defendants' statement of material facts.[1] Plaintiff Michael Krechmer (a/k/a Michael Malice) ("Malice"), by and through his counsel of record, Randazza Legal Group, PLLC, hereby responds to Defendants' November 21, 2016 Statement, pursuant to Local Civil Rule 56.1(c).

---

[1] Defendants initially sought to withdraw portions of the statement, but on November 29, 2016, declined to do so.

## RESPONSE TO STATEMENT OF MATERIAL FACTS

1. Denied; the Collaboration Agreement was terminated. *See* SAMF ¶¶ 23-32.[2]

2. Denied in part and admitted in part; though the Collaboration Agreement was otherwise terminated, the payment schedule of the Collaboration Agreement was incorporated into the Ghostwriting Agreement, and he is owed monies thereunder as incorporated. *See* SAMF ¶¶ 23-33, 38-39, 73-74, 78-81, 90-93 & 119.

3. Denied in part and admitted in part; though the Collaboration Agreement was otherwise terminated, the payment schedule of the Collaboration Agreement was incorporated into the Ghostwriting Agreement, and he is owed monies thereunder as incorporated, which is what Plaintiff's attorneys were pursuing. *See* SAMF ¶¶ 23-33, 38-39, 73-74, 78-81, 90-93 & 119.

4. Denied; Plaintiff and Defendants terminated the Collaboration Agreement and no such authorship or attribution rights vested in Defendant Tantaros thereunder. *See* SAMF ¶¶ 23-32 & 34-39.

5. Denied; the Collaboration Agreement was terminated and it did not otherwise obligate Mr. Malice to write the book. *See* SAMF ¶¶ 23-32.

6. Admitted; the Plaintiff and Defendants terminated the Collaboration Agreement, which did not require a writing. *See* SAMF ¶¶ 23-32.

7. Denied; Defendants have failed to cite to any evidence or provide specific examples, nor can they, because all disclosures were made with their permission. *See* SAMF ¶¶ 43, 58, 67, 68, & 83.

8. Denied; the Plaintiff and Defendants terminated the Collaboration Agreement and entered into a new Ghostwriting Agreement. *See* SAMF ¶¶ 23-32.

---

[2] All citations to the SAMF are intended to include the citations to the record set forth in the portions of the SAMF cited. All exhibits cited in the SAMF were authenticated by Plaintiff's counsel and were subsequently authenticated by Plaintiff himself. In response to the subsequent authentication, Defendants' counsel obtained leave to file an amended Rule 56.1 response, which was filed on December 2, 2016. However, that response does not serve the purpose of raising *additional* material facts and only highlights genuine issues of material fact in dispute that should warrant denial of summary judgment to Defendants.

9.  Denied in part and admitted in part; although Defendants never executed such a writing, Defendants do not hold the copyright in the book such that they would be empowered to transfer it. *See* SAMF ¶¶ 23-32, 34-39, & 53-66.

10. Denied; Mr. Malice is the author of the book. *See* SAMF ¶¶ 53-66, 69-71 & 75-76.

11. Denied in part and admitted in part; as the manuscript was accepted (and published), Defendants owe not just $10,000, but rather $120,000. *See* SAMF ¶¶ 23-32, 72-74, 78-81, 90-91, & 119.

Dated: December 5, 2016                                  Respectfully Submitted,

                                                         Ronald D. Green
                                                         *Admitted Pro Hac Vice*
                                                         RANDAZZA LEGAL GROUP, PLLC
                                                         4035 S. El Capitan Way
                                                         Las Vegas, NV 89147
                                                         Tele:  702-420-2001
                                                         Fax:   305-437-7662
                                                         Email: ecf@randazza.com

                                                         Jay M. Wolman (JW0600)
                                                         RANDAZZA LEGAL GROUP, PLLC
                                                         100 Pearl Street, 14th Floor
                                                         Hartford, CT 06103
                                                         Tele:  702-420-2001
                                                         Fax:   305-437-7662
                                                         Email: ecf@randazza.com

                                                         *Attorneys for Plaintiff, Michael Krechmer a/k/a "Michael Malice"*

Case No.: 16-cv-7820 (KBF)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 5, 2016, I served a true and correct copy of the foregoing document via electronic mail upon counsel for Defendants identified below:

Judd Burstein, Esq.
Peter Schalk, Esq.
5 Columbus Circle
New York, NY 10019
<jburstein@bursteinlaw.com>
<PSchalk@burlaw.com>

Respectfully Submitted,

_____
Employee,
Randazza Legal Group, PLLC