

Jay Marshall Wolman, JD
Licensed in CT, MA, NY, DC

30 June 2017

Via Electronic Mail and Hand Delivery – FILED UNDER SEAL

Hon. Katherine B. Forrest
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007
<ForrestNYSDChambers@nysd.uscourts.gov>

    Re:    *Krechmer v. Tantaros* | 16-cv-7820

Dear Judge Forrest:

As your Honor is aware, the oral temporary restraining order of November 3, 2016, which was anticipated to expire December 15, 2016 pending resolution of a then-to-be-file motion for preliminary injunction, may remain operative in this matter.[1]

On June 28, 2017, Defendant Tantaros, through the same counsel representing her in this matter, filed a Memorandum of Law in Opposition to Defendants' Motion for Sanctions Pursuant to Fed. R. Civ. P. 11 (ECF No. 54) in the matter of *Tantaros v. Fox News Network, LLC, et al.*, Case No. 1:17-cv-02958, pending before Judge Daniels. On page 7 of that memorandum, repeated in the amended memorandum filed yesterday, Ms. Tantaros raised the issue of Fox News Network allegedly hiring a private investigator to "persuade the ghostwriter of Ms. Tantaros's book to provide compromising information about her." In Footnote 4 thereof, Ms. Tantaros's counsel wrote, "[t]o be clear, as stated in Ms. Tantaros's Declaration, she did not employ a ghostwriter for her book." Counsel cites to paragraph 6 of Ms. Tantaros's own Declaration (ECF No. 53 & 58 in that matter), which states:

> I did not employ a ghostwriter for my book, *Tied Up in Knots*. Rather, at the suggestion of, and with full knowledge of, my publisher, Harper Collins, I hired an editor to primarily sew together select, composite content I created or gathered for my book. I wrote my own book.

As your Honor is aware, Plaintiff filed the instant action because he is the ghostwriter who wrote Tied Up in Knots. Ms. Tantaros has made his claim a disputed issue in the case against Fox News Network.

---

[1] It is unclear whether that order is still operative. It may have expired on November 18, 2016. See Transcript of Nov. 3, 2016 Hearing at 27:1-6. However, the Court also stated that it applied "until this is resolved until the middle of December." *Id*. at 27:11-12; see also Written Order, Nov. 3, 2016 (setting schedule). Although it is past December, the pending motions remain unresolved, thus it is unclear if the order remains in effect. If the order enjoining communication is no longer in effect, the obligations of Local Civil Rule 1.6, discussed below, may also interfere with the temporary seal, in effect pursuant to the Court's written order of November 3, 2016.

100 Pearl Street, 14th Floor, Hartford, Connecticut 06103
jmw@randazza.com | 702.420.2001



Pursuant to Local Civil Rule 1.6, it is the duty of Plaintiff's counsel (and Defendants'), to promptly bring to the Court's attention facts relevant to a determination of relatedness. Although it may well be that the two cases were sufficiently related at the time Defendant Tantaros filed her case against Fox News Network, for the reasons set forth in the attached letter sent to Defendants' counsel last week, these cases now seem sufficiently related to require compliance.

This Court has promulgated Form IH-32 in furtherance of Local Civil Rule 1.6, which is contemplated to be filed in the later-filed case. With the exception of responding to inquiries from a news organization that there is a Court Order in *Doe v. Doe*, 16-cv-7820, the November 3, 2016 order may act to bar any reference to the instant matter. See Transcript of Hearing of Nov. 3, 2016, at 22:23-23:9 & 27:1-6. Thus, it seems there are conflicting obligations between complying with Local Civil Rule 1.6 and the November 3, 2016 Order.

I am, thus, writing to seek clarification as to which obligation takes precedence. To the extent the Court it is relevant, giving notice in the Fox News Network case would not prejudice Defendant Tantaros. As reflected in my letter to Defendants' counsel, she alleges that Fox News Network hacked her accounts, so Defendant Tantaros must already believe that Fox News Network possesses every bit of correspondence between Mr. Malice and Ms. Tantaros. Related, her affidavit quoted above states that Harper Collins was fully aware of Mr. Malice's role; Plaintiff has produced substantial evidence to this effect. Harper Collins is a sister entity to Fox News Network; both are owned by News Corp. Anything Defendant Tantaros would seek to shield in this litigation is subject to discovery in the related litigation (as well as the pending arbitration between Ms. Tantaros and Fox).

Thank you for your attention to this matter.

Sincerely,

Jay Marshall Wolman

cc: Defendants (via email)

# EXHIBIT 1

Letter from Jay M. Wolman
to Judd Burstein, Esq.
dated 23 June 2017



Jay Marshall Wolman, JD
Licensed in CT, MA, NY, DC

23 June 2017

Via Email and U.S. Mail

Judd Burstein, Esq.
5 Columbus Circle
New York, NY 10019
<jburstein@bursteinlaw.com>

Re:    *Krechmer v. Tantaros*, 16-cv-7820 (KBF)

Dear Attorney Burstein:

As you will recall, the Court, on November 3, 2016, interposed a temporary order precluding discussion of the above-referenced matter pending resolution of your then-anticipated motion for preliminary injunction. At that time, the Court also issued a written order indicating that it would "endeavor to resolve the [preliminary injunction] motion by Thursday, December 15, 2016."

You may also recall that the Court did permit us to disclose the case number and to allow us to cite to this case as reason why a dispute between Ms. Tantaros and Mr. Malice could not be disclosed. As we are not keen to bother the Court, a matter has arisen that calls into question how the temporary order should be abided.

In your letter to the Court of November 1, 2016, you accused Mr. Malice of submitting an email that "bears all the hallmarks of a fraud because…(b) Ms. Tantaros cannot find this email in her Gmail account." Similarly, in your October 13 & 14, 2016 e-mail messages to me, you accused Mr. Malice of submitting fraudulent WhatsApp and/or text messages. We denied and continue to deny such allegations.

However, because you seem inclined to contest the authenticity of the evidence against your client in this case, based upon her lack of a corresponding counterpart, we will need to take discovery on that question. We have since learned of the Complaint you filed in this Court, styled *Tantaros v. Fox News Network, et al.*, Case No. 1:17-cv-02958. In that matter, you allege that the defendants thereto:

- "devastated Ms. Tantaros by illegally surveilling her emails and telephone conversations" (¶ 8)

- "engaged in surreptitious surveillance by breaking into her personal computer and planting key-logging and other surveillance software on it" (¶ 10)

- were "responsible for hacking Ms. Tantaros's computer so that she could be spied upon", planting "unique surveillance viruses" (¶ 45);

- "violated 18 U.S.C. § 2511 through the electronic surveillance of Ms. Tantaros [sic] personal telephone" (¶ 82); and

**Krechmer v. Tantaros, 16-cv-7820 (KBF)**
J. Burstein | 23 June 2017
Page 2 of 2



RANDAZZA
LEGAL GROUP

- directed "a person...to hack Ms. Tantaros's personal computer and gain access, *inter alia*, to her private emails." (¶ 87)

These allegations are not merely incidental, but are material the basis for the first and second claims for relief you asserted against the defendants.

Those defendants have recently moved to dismiss or compel arbitration. Given your adverse outcome in the state court, we expect those defendants to prevail in their motions at any moment, at which point any duty they may have had to preserve under the Federal rules may dissipate. It is incumbent upon us, therefore, to put them on notice to preserve information relative to this case.

Simply put, if Fox News or the other defendants did, in fact, spy upon her, as you alleged under your Rule 11 obligations, then they would be expected to be able to show the communications introduced by Mr. Malice are authentic.

It is our intent, therefore, on Monday, June 25, 2017, to send those defendants, through their counsel of record, a request, in the following terms:

> "to preserve any and all communications, including, but not limited to, e-mail messages, SMS messages, Twitter messages, WhatsApp messages, or messages transmitted through any other electronic messaging system, between Ms. Tantaros and Mr. Malice, in furtherance of the matter of *Doe v. Doe*, 16-cv-7820, pending in the United States District Court for the Southern District of New York."

Should you have any objection or a proposal of alternate language, please let us know immediately.

Sincerely,

*[signature]*

Jay Marshall Wolman