# JUDD BURSTEIN, P.C.
ATTORNEYS AT LAW

JUDD BURSTEIN*
PETER B. SCHALK**

G. WILLIAM BARTHOLOMEW**
ALI R. JAFFERY**

*ALSO ADMITTED IN CONNECTICUT
**ALSO ADMITTED IN NEW JERSEY

5 COLUMBUS CIRCLE
1790 BROADWAY
NEW YORK, NEW YORK 10019
TEL: (212) 974-2400
FAX: (212) 974-2944
WWW.BURLAW.COM

12 OLD HILL FARMS ROAD
WESTPORT, CONNECTICUT 06880
TEL: (203) 226-4823

October 10, 2016

**VIA HAND DELIVERY -- FILED UNDER SEAL**

Honorable Katherine B. Forrest
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: *Krechmer v. Tantaros, et al.* / Docket No. 16-cv-7820

Dear Judge Forrest:

I represent the Defendants in this action, which is presently sealed pursuant to an October 6, 2016 Order by Judge Seibel. (Exhibit A hereto) I have not provided a redacted courtesy copy of this letter pursuant to Your Honor's Rule 7(A), because we have not located an ECF docket. I write to request that Your Honor continue Judge Seibel's sealing order for a very **limited** period of time so that Your Honor can consider an expedited motion to dismiss the Complaint and a Rule 11 motion that I intend to serve promptly and then file immediately after the safe harbor period expires if the Complaint is not withdrawn. Specifically, over Plaintiff's objection, I propose the following schedule: (a) October 19 for the filing of Defendants' motion to dismiss and the service of their sanctions motion, (b) October 27 for Plaintiff's response to the motion to dismiss, (c) November 1 for Defendants' reply, (d) November 10 (21 days after service) for the filing of Defendants' Rule 11 motion, (e) November 16 for Plaintiff's response to the Rule 11 motion, and (f) November 22 for Defendants' reply.

The factual gravamen of the Complaint (Exhibit B hereto) is that, after entering into a "Collaboration Agreement" (Exhibit 1 to the Complaint) "to provide editing and writing services" for a book that Ms. Tantaros was writing ("Book"), the parties terminated that Agreement and entered into a new "Ghostwriting Agreement" which increased Plaintiff's compensation from $40,000 to $150,000 in return for Plaintiff actually writing the Book. Fundamentally, then, the Complaint alleges that Ms. Tantaros falsely claimed that she wrote a book which she in fact had not written. That allegation would, of course, be devastating to her reputation as a journalist.

The Complaint was presumably filed under seal because the Collaboration Agreement has a confidentiality provision which would have been breached had the filing not been made under seal. Although if this case is unsealed, Plaintiff will be liable for damages, I recognize that "the mere fact that information is subject to a confidentiality agreement between litigants is not a valid basis" for sealing a case. *Chefs Diet Acquisition Corp. v. Lean Chefs, LLC*, 2016 WL 5416498, at *11

JUDD BURSTEIN, P. C.

(S.D.N.Y. 2016) (Furman, D.J.) I also do not believe that this case would merit sealing if it were to go forward. *See Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 141 *et seq.* (2d Cir. 2016). On the other hand, if Your Honor were to dismiss the Complaint and also find it sanctionable, I believe that sealing the case file would be appropriate. *See Zappin v. Cohen,* 15-Cv-7271 (PKC) (JCF), Dkt. No. 24 (S.D.N.Y. May 27, 2016) (Castel, D.J.) (Exhibit G hereto)

Moreover, the Complaint in this case must be viewed in the context of Ms. Tantaros's pending sexual harassment suit against Fox News, Roger Ailes, and others. (Exhibit C hereto) Significantly, Ms. Tantaros's claims have been corroborated by her former therapist, who, following Ms. Tantaros's limited waiver of the psychotherapist-patient privilege, has submitted an affidavit (Exhibit D hereto) stating that Ms. Tantaros told her about the conduct alleged in her complaint at the time it was happening in 2014 and 2015 -- long before anyone could claim that Ms. Tantaros had a motive to fabricate. For reasons I would explain but for the page limit for this letter, I believe that Fox News is working in conjunction with Plaintiff to use this case as a means of discrediting Ms. Tantaros. Were this false, frivolous, and scandalous case to be unsealed prior to the Court deciding whether it should be dismissed and whether Plaintiff and counsel should be sanctioned, Fox News's vaunted public relations machine will use the Complaint to bolster its claim that Ms. Tantaros's allegations in her lawsuit are false.

Turning to the reasons why the Complaint should be sealed, I ask Your Honor to take particular note of Paragraph 40 of the Complaint which alleges: "Ms. Tantaros consistently informed Mr. Malice regarding how thrilled she was with his writing of the book, at one point telling him **'after reading the book manuscript I actually          '**" (Emphasis supplied) This sort of disgraceful, and wholly irrelevant, allegation demonstrates that part of the true purpose of the Complaint is to degrade and humiliate Ms. Tantaros. One can only imagine the media attention that would be focused on this salacious allegation.

However, there are substantive reasons why the Complaint is sanctionable and should be dismissed. Given the three-page limit for this letter, I will limit my argument to the lack of subject matter jurisdiction. Plaintiff's sole basis for invoking the Court's jurisdiction are his federal copyright claims (Plaintiff's First and Second Claims), which proceed on the theories that (a) by terminating the Collaboration Agreement and entering into an entirely new "Ghostwriting Agreement," the work for hire provisions in the Collaboration Agreement expired, and, alternatively, (b) because Defendants allegedly did not pay Plaintiff all of the monies due to him under the Collaboration Agreement, the work for hire provisions of that Agreement were obviated. There are a host of reasons why this claim is frivolous and subject to dismissal, including:

As discussed below, because the Collaboration Agreement bars oral modifications, Plaintiff claims that the parties entered into a new "Ghostwriting Agreement." Even if one assumes the truth of the factually frivolous claim, Plaintiff's claim is nonetheless frivolous because, by its terms, Section 5.1 of the Collaboration Agreement, which contains Plaintiff's concession that he has no ownership rights in the book, specifically survives termination of that Agreement.

Moreover, in claiming that the parties entered into a new "Ghostwriting Agreement," Plaintiff and his counsel have engaged in outrageous, sanctionable conduct because, in their correspondence

Judd Burstein, P. C.

with Ms. Tantaros's transactional counsel, Joseph Cane, and HarperCollins Publishers, Plaintiff's counsel contended only that the Collaboration Agreement had been modified, and made no reference to the termination of that Agreement or a separate "Ghostwriting Agreement." (Exhibits E and F hereto) Further, in contrast to the Complaint's allegation of a new specific agreement to pay Plaintiff $150,000, counsel's prior letters never mentioned that amount -- instead claiming only that Plaintiff was owed "at least $25,000" -- *i.e.*, $15,000 more than provided for by the Collaboration Agreement.

In addition to Plaintiff's counsel's entirely contradictory claims about the parties' arrangement, Section 2 of the Collaboration Agreement expressly contradicts Plaintiff's allegation that the "Ghostwriting Agreement" arose because Ms. Tantaros requested that he write portions of the Book (Complaint at ¶¶ 17-18): "Collaborator's duties shall include, but not be limited to **writing original material**." (Emphasis supplied) Moreover, according to Paragraph 32 of the Complaint, "[t]he parties agreed to incorporate the payment schedule of the Collaboration Agreement into the Ghostwriting Agreement." As such, the Complaint can only be plausibly read as alleging a modification of the Collaboration Agreement to provide for additional payments to Plaintiff.

Given that Plaintiff has **at most** alleged a modification of the Collaboration Agreement, Plaintiff's "Ghostwriting Agreement" claim fails because Section 12 of the Collaboration Agreement provides that it cannot be modified absent a writing "signed by the party to be charged." Since the alleged Ghostwriting Agreement can only be construed as an oral modification of the Collaboration Agreement, it is unenforceable. *See* G.O.L. § 15-301(1). Nor does the Complaint allege any conduct that is unequivocally referable to the alleged Ghostwriting Agreement. *See, e.g., MacMillan v. Kahn*, 195 A.D.2d 372 (1st Dep't 1993).

Plaintiff's allegation that he now owns the copyright because he was not paid all of the monies due to him under the Collaboration Agreement is similarly frivolous. Plaintiff was entitled to a total of $40,000 under the Collaboration Agreement unless the Book made the New York Times Bestseller List. According to the Complaint, Plaintiff was paid $30,000 for his services (Complaint at ¶ 38), and the Book never made the Bestseller List. (*Id.*, at ¶ 74) Moreover, even assuming that the failure to pay the last $10,000 out of $40,000 was a breach of the Collaboration Agreement (which it was not due to a prior breach of confidentiality by Plaintiff), it was not the type of material breach that would forfeit Ms. Tantaros's ownership of the copyright. *See Morris v. Castle Rock Entertainment, Inc.*, 246 F.Supp.2d 290, 294 (S.D.N.Y. 2003) (Marrero, D.J.).[1]

Accordingly, Defendants request that this matter be sealed pending an expedited briefing schedule for motions to dismiss the Complaint and for sanctions.

Respectfully submitted,

Judd Burstein

Encls.
cc:    Jay M. Wolman, Esq. (Via Email; w/ encls.)

---

[1]    Indeed, Plaintiff has not even sought rescission of the Collaboration Agreement, instead asking only for damages.