# EXHIBIT G

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
LEIGH ANNE ZAPPIN,

                Plaintiff,                15-cv-7271 (PKC) (JCF)

    -against-

                                         ORDER ON SEALING

HARRIET NEWMAN COHEN and COHEN
RABIN STINE SCHUMANN LLP,

                Defendants.
------------------------------------------------------------x

CASTEL, U.S.D.J.

        Defendant Harriet Newman Cohen and non-party Anthony Zappin have filed separate motions to seal. The Complaint in this action was filed by Leigh Anne Zappin, who represents herself pro se. Leigh Anne Zappin failed to serve process upon any defendant, and she has made no additional submissions to the Court. A separate Order dismisses this action pursuant to Rule 4(m), Fed. R. Civ. P.

        The Complaint, as well as certain submissions of defendant Cohen and Anthony Zappin, make or summarize derogatory, conclusory assertions concerning the motivations and character of certain individuals, including non-parties. These submissions purport to recount events surrounding child custody and divorce proceedings that occurred in the New York Supreme Court, New York County.

        For the reasons explained, the Court concludes that privacy interests of the individuals discussed in these submissions substantially outweigh the presumption of public access that attaches to them. The Clerk is directed to seal these submissions, as set forth in the conclusion of this Order.

STANDARD FOR SEALING.

A presumption of public access attaches to judicial documents. See United States v. Amodeo, 44 F.3d 141, 145 (2d Cir. 1995) ("Amodeo I"); Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119-120 (2d Cir. 2006). "[T]he mere filing of a paper or document with the court is insufficient to render that paper a judicial document subject to the right of public access." Amodeo I, 44 F.3d at 145. "[T]he item filed must be relevant to the performance of the judicial function and useful in the judicial process." Id.

The Second Circuit enumerated certain steps that a court must take in determining public access to a document. First, a court must determine whether "'the documents at issue are indeed 'judicial documents'" to which the presumption of access attaches. Lugosch, 435 F.3d at 119 (quotation omitted). If so, the court must next determine the weight of the presumption of access. Id. "'[T]he weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts.'" Id. (quoting United States v. Amodeo, 71 F.3d 1044, 1049 (2d Cir. 1995) ("Amodeo II")); see also id. at 1048 (explaining the importance of "professional and public monitoring" of the judiciary to its "democratic control" and concluding that "[s]uch monitoring is not possible without access to testimony and documents that are used in the performance of Article III functions").

A court must "balance competing considerations against" the presumption of public access. Lugosch, 435 F.3d at 120 (quotations and citation omitted). "Such countervailing factors include but are not limited to 'the danger of impairing law enforcement or judicial efficiency' and the privacy interests of those resisting disclosure." Id. (quotations and citation omitted).

- 2 -

Case 1:16-cv-07820-KBF-JCP Document 98-24 Filed 08/21/16 Page 4 of 7

THE COMPLAINT.

A complaint typically falls squarely within the category of a judicial document. See, e.g., In re Methyl Tertiary Butyl Ether (MTBE) Products Liab. Litig., 2013 WL 3531600, at *2 n.13 (S.D.N.Y. July 12, 2013) (discussing complaint as a judicial document in the context of adjudicating a Rule 12(b)(6) motion). In this case, however, the action was dismissed under Rule 4(m) due to the plaintiffs' failure to serve process upon the defendants. The contents of the Complaint played no role in the undersigned's judicial function. See generally Amodeo I, 44 F.3d at 145.

However, the Court need not decide whether the Complaint qualifies as a judicial document under Amodeo and Lugosch, because even if it does, the privacy interests of defendant Cohen strongly outweigh the presumption of public access. Among other things, the Complaint makes conclusory, ad hominem and unsupported allegations concerning Cohen's mental health, family life and purported bias. The extreme and inflammatory nature of these unsupported allegations weighs strongly in favor of sealing the Complaint, particularly given that the Complaint has been dismissed on Rule 4(m) grounds.

The Court therefore concludes that the Complaint should be sealed. (Docket # 1.)

COHEN'S OBJECTIONS TO THE R&R.

Magistrate Judge James C. Francis recommended that this action be dismissed on Rule 4(m) grounds, and defendant Cohen objected to the Report and Recommendation (the "R&R"), seeking dismissal of the action with prejudice. The Court reviewed and relied upon the objections in performing its judicial function, which makes them judicial documents pursuant to Lugosch and Amodeo.

However, as with the Complaint, the privacy interests implicated in the objections far outweigh the presumption of public access. The objections recount in detail certain events surrounding child custody and divorce proceedings, as well as details concerning Cohen's personal life. It also annexes a child custody decision issued by the New York Supreme Court, New York County, which may itself have been subject to statutory sealing under New York law. See N.Y. Dom. Rel. L. § 235(2); N.Y. Family Ct. Act § 166. The subject matter of the state court proceedings played no role in the disposition of this case.

The Court therefore concludes that the objections to the R&R should be sealed. (Docket # 6.)

SUBMISSIONS RELATED TO COHEN'S MOTION TO DISMISS FOR FAILURE TO PROSECUTE.

Cohen separately has filed a motion to dismiss for failure to prosecute pursuant to Rule 41(b), Fed. R. Civ. P., which also seeks the sealing of the entire docket. Non-party Anthony Zappin filed a document captioned as a memorandum in opposition, which does not address Cohen's arguments under Rule 41(b) and is instead addressed to the sealing issue and his personal history with Cohen.

The Court reviewed and relied upon Cohen's arguments raised under Rule 41(b), and the presumption of access therefore attaches. However, the presumption of access is again far outweighed by the privacy interests implicated in the submissions, which include discussions and characterizations related to personal acrimony arising out of matrimonial and custody proceedings. That subject matter played no role in the disposition of this case.

The Court therefore concludes that the submissions supporting and opposing Cohen's Rule 41(b) motion should be sealed. (Docket # 13-14, 16-21.)

- 4 -

SUBMISSIONS RELATED TO NON-PARTY ANTHONY ZAPPIN'S MOTION TO SEAL.

Anthony Zappin has separately filed a motion to seal Cohen's objections to the R&R, and Cohen filed a detailed letter-brief in response. The Court has relied upon these submissions in performing its judicial function, and the presumption of public access therefore attaches. However, largely for the reasons previously stated, the privacy interests significantly outweigh the presumption of public access to these filings, which include discussions and characterizations related to the acrimony arising out of matrimonial and custody proceedings. That subject matter played no role in the disposition of this case.

The Court therefore concludes that the submissions related to Anthony Zappin's motion to seal should be sealed. (Docket # 10, 12.)

THE REMAINING ENTRIES ON THE DOCKET.

Cohen has moved to seal the entire docket of this action. However, all remaining entries are affidavits of service filed by Cohen and the Orders issued by Magistrate Judge Francis or the undersigned. They contain no information that could injure the privacy interests of the parties or non-parties, and the strong public interest in access to the Court's judicial function would be harmed by sealing such items. Cohen's motion to seal the entire docket of this case is therefore denied.

CONCLUSION.

The Clerk is directed to seal the submissions made at docket numbers 1, 6, 10, 12-14 and 16-21.

The Clerk is directed to terminate the motion to seal filed by non-party Anthony Zappin. (Docket # 12.)

- 6 -

SO ORDERED.

*P. Kevin Castel*
P. Kevin Castel
United States District Judge

Dated: New York, New York
      May 27, 2016