UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
MICHAEL KRECHMER, a/k/a
"Michael Malice," an individual,

                    Plaintiff,

-against-

ANDREA K. TANTAROS, an individual;
and ASTERO, LLC, a New Jersey limited
liability company,

                    Defendants.

-----------------------------------------------------------x

Case No.: 16-cv-7820 (KBF)

**PLAINTIFF'S RESPONSE TO PROPOSED ORDER TO SHOW CAUSE**

[Handwritten annotation: "Ordered. I have no idea what you're really seeking here. If you need Burstein for something at some point, he is an officer of the Court and will appear. KBF USDJ 10/3/17"]

On Monday, September 25, 2017, Plaintiff's counsel received a telephone call from the Court advising that Attorney Judd Burstein was seeking to withdraw his appearance for Defendants in this matter, and that the request had been manually filed with the Court.[1] As of yet, that request does not appear on the docket in this case and is not publicly available. However, the Court issued a preliminary Order on September 29, 2017 (Dkt. No. 113), indicating that the withdrawal would be effectuated upon defense counsel's service of the order on Defendants and certificate of compliance filed with the Court.

As this Court indicated in its Order of August 9, 2017, "[t]he time for having this case fly below the radar is over. This case has been unsealed." (Dkt. No. 47). Despite being informed by the Court of Mr. Burstein's intention on September 25, as of Thursday, September 28, Plaintiff had still not seen a copy of Attorney Burstein's filing, notwithstanding the service requirement of Fed. R. Civ. P. 5. Thus, that afternoon, Plaintiff's counsel requested a copy of the filing from Mr. Burstein's office, and Attorney Bartholomew of the law firm Judd Burstein, P.C., sent a copy

---

[1] Pursuant to this Court's Electronic Case Filing Rules & Instructions, Rule 1.1, Attorney Burstein should have filed his request electronically. Notably, Attorney Burstein filed a similar motion electronically in *Tantaros v. Fox News Network, LLC, et al.*, Case No. 1:17-cv-02958-GBD (S.D.N.Y. Sept. 22, 2017) (Dkt. No. 87) (hereinafter "Fox News case"). Plaintiff does not know why it was not so filed in this case.

1

to Plaintiff's counsel by electronic mail.[2] A copy appears at **Exhibit 1**, filed herewith. Notably, it does not contain a certificate of service upon Plaintiff, and it is unknown why the movants sought not to serve it.

Notwithstanding the litany of procedural defects, Plaintiff does not object to Attorney Burstein or the other attorneys at his firm withdrawing their appearance for Defendants.[3] However, Attorney Burstein has repeatedly accused Plaintiff and his counsel of violating confidentiality agreement(s) and this Court's orders, so much so that the Court stated that it "finds it difficult to account for apparent third-party knowledge of this matter and of the parties involved without concluding that plaintiff or plaintiff's counsel may have violated this Court's sealing order, and that this violation may have been deliberate." *See* Order of July 27, 2017, at p. 20, n. 2 (Dkt. No. 53). Yet, according to a Fox News representative, "as Judd Burstein knows (but Judge Forrest did not), Burstein himself confirmed to us the existence of a litigation that he claimed affected his ability to produce documents relating to Krechmer." *See* Alberto Luperon, "Ex-Fox News Host's Anti-Feminism Book Was Ghost-Written by a Dude, Lawsuit Says", LAWNEWZ (Aug. 11, 2017), attached hereto as **Exhibit 2**. To the extent Attorney Burstein or his firm withheld such information from the Court, and Defendants continue to allege a breach of confidentiality or Court

---

[2] Although Attorneys Burstein and Schalk are listed as appearing for Defendants on the docket, Attorney Bartholomew effectively appeared for Defendants as well on October 18, 2016. (Dkt. No. 58).

[3] The request only spoke of Defendant Andrea K. Tantaros, not Astero, LLC, but the Court's Order (Dkt. No. 113) construed it as being with respect to both Defendants, which was presumably counsel's likely intent. As the Court is aware, "a corporation[] must appear by counsel or it is considered to be in default." *N.J. Sports Prod. v. Eliades*, 2007 U.S. Dist. LEXIS 26425, at *4 (S.D.N.Y. Apr. 11, 2007) (citing *Rowland v. California Men's Colony*, 506 U.S. 194, 202-03, 113 S. Ct. 716, 121 L. Ed. 2d 656 (1993); *Lattanzio v. COMTA*, 481 F.3d 137, 139-140 (2d Cir. 2007)). This specifically applies to limited liability companies such as Astero. *See Lattanzio*, supra. at 140. Plaintiff's counsel raised this concern when contacted by the Court on September 25, and it was reflected in the Order. However, the concern is now moot in light of the appearance of Attorneys Stolley and Muaddi. (Dkt. Nos. 114 & 115).

order, Plaintiff requests that, notwithstanding the forthcoming effectuation of their withdrawal, they remain subject to this Court's continuing jurisdiction for related proceedings.[4]

Dated: October 2, 2017

Respectfully submitted,

/s/ Jay M. Wolman
Jay M. Wolman (JW0600)
RANDAZZA LEGAL GROUP, PLLC
100 Pearl Street, 14th Floor
Hartford, CT 06103
Tel: 702-420-2001
Fax: 305-437-7662
Email: ecf@randazza.com

Ronald D. Green, *pro hac vice*
RANDAZZA LEGAL GROUP, PLLC
4035 S. El Capitan Way
Las Vegas, NV 89147
Tel: 702-420-2001
Fax: 305-437-7662
Email: ecf@randazza.com

*Attorneys for Plaintiff,*
*Michael Krechmer*

---

[4] In addition to withdrawal, defense counsel sought a stay. The Order stated that the requested stay was denied and that "[t]he parties are advised that discovery in this action should be ongoing." (Dkt. No. 113). Plaintiff wishes to note the following:

- On October 13, 2016, the Court ordered that "[w]hile the Court would normally set an initial pretrial conference at this stage, it will wait to resolve the proposed motions." (Dkt. No. 55). Those proposed motions were a sanctions motion, never served or filed by Defendants, and a motion to dismiss (Dkt. No. 99), which remains pending as converted to a motion for summary judgment (Dkt. No. 60).
- On November 2, 2016, the Court ordered that a broad forensic examination sought by Defendants "should be conducted during full-blown discovery following resolution of the pending motion" being the converted dispositive motion. (Dkt. No. 64). This Order effectively stayed discovery.

As a result of those two orders, the parties have not yet begun the formal discovery process. By the Court's most recent Order (Dkt. No. 113), commanding that discovery be "ongoing", Plaintiff understands the Court to have modified its November 2 Order and will immediately work with Defendants' new counsel to schedule a Rule 26(f) conference.

3

Case No. 16-cv-7820 (KBF)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 2, 2017, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I further certify that a true and correct copy of the foregoing document is being served via transmission of Notices of Electronic Filing generated by CM/ECF, or via electronic mail and U.S. Mail if necessary, upon:

Judd Burstein, Esq.
Peter B. Schalk, Esq.
G. William Bartholomew, Esq.
Judd Burstein, P.C.
5 Columbus Circle, Ste. 1501
New York, NY 10019
<jburstein@burlaw.com>
<pschalk@burlaw.com>

Martha B. Stolley, Esq.
Jawad B. Muaddi, Esq.
Morgan, Lewis & Bockius LLP
101 Park Avenue
New York, NY 10178
<Martha.Stolley@morganlewis.com>
<Jawad.Muaddi@morganlewis.com>

*Attorneys for Defendants*

Respectfully submitted,

/s/ Bothell

Employee,
Randazza Legal Group, PLLC

4