UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------x

MICHAEL KRECHMER, a/k/a                    :
"Michael Malice," an individual,            :
                                            :
                        Plaintiff,          :        Case No.: 16-cv-7820 (KBF)
                                            :
            -against-                       :
                                            :        **REPORT OF PARTIES' PLANNING**
                                            :        **CONFERENCE PURSUANT TO FED.**
ANDREA K. TANTAROS, an individual;          :        **R. CIV. P. 26(F)**
and ASTERO, LLC, a New Jersey limited       :
liability company,                          :
                                            :
                        Defendants.         :
                                            :
---------------------------------------------------------x

        In accordance with Fed. R. Civ. P. 26(f), counsel for Plaintiff Michael Krechmer a/k/a

Michael Malice ("Plaintiff" or "Mr. Krechmer") and counsel for Defendants Andrea K. Tantaros

and Astero, LLC ("Defendants") (collectively, the "Parties") conferred between October 18,

2017 and November 16, 2017,[1] and submit the following report of their meeting for the Court's

consideration:

---

[1] The Parties wish to note the following:

    On October 13, 2016, the Court ordered that, "[w]hile the Court would normally set an
initial pretrial conference at this stage, it will wait to resolve the proposed motions." (Dkt.
No. 55).  The "proposed motions" were a sanctions motion, which was never served or
filed by Defendants, and a motion to dismiss (Dkt. No. 99), which the Court converted to
a motion for summary judgment on October 28, 2016.  (Dkt. No. 60)

    On November 2, 2016, the Court ordered that a broad forensic examination sought by
Defendants "should be conducted during full-blown discovery following resolution of the
pending motion" (the "pending motion" being the converted dispositive motion. (Dkt.
No. 64). The November 2 Order effectively stayed discovery, until the "pending motion"
was resolved on October 2, 2017.  (Dkt. No. 116)

As a result of those two orders, the Parties had not yet begun the formal discovery process.
By the Orders of September 29, 2017 (Dkt. No. 113) and October 13, 2017 (Dkt. No. 124),
directing that discovery be "ongoing," the Parties now have undertaken to engage in discovery.

I.      Nature and Basis of Claims and Defenses

The Parties have considered the nature and basis of the claims in Plaintiff's First Amended Complaint.  Defendants filed a Motion to Dismiss (Dkt. No. 126), which is not yet fully briefed, and the Parties otherwise considered the potential defenses.

II.     Possibilities for Prompt Settlement

The Parties considered the possibilities for prompt settlement or resolution of the case and determined that neither is anticipated at this time.

III.    Disclosures under Rule 26(a)(1)

The Parties have already exchanged significant document discovery as part of the consideration of Defendants' original motion to dismiss, which subsequently was converted to a summary judgment motion.  Nevertheless, pursuant to Rule 26(a)(1)(C), the Parties will make formal initial disclosure within 14 days of the Rule 26(f) conference, or November 30, 2017.

IV.     Preservation of Discoverable Information

The Parties have discussed the preservation of discoverable information and do not expect to require judicial intervention regarding such preservation.

V.      Proposed Discovery Plan

Pursuant to Rule 26(f)(3), the Parties hereby propose the following discovery plan:

(A) Timing, Form, or Requirement for Rule 26(a) Disclosures:

The Parties propose no changes.  Initial disclosures will be made on or before November 30, 2017.

(B) Subjects of Discovery, Completion, and Phasing:

1)   Plaintiff anticipates taking discovery on the following subjects:

a)  Organization of Defendant Astero, LLC ("Astero")

b)  State Citizenship of Defendant Andrea K. Tantaros ("Ms. Tantaros")

c)  Relationship between Ms. Tantaros and Astero

d)  Communications between Plaintiff and Defendants

e) Defendants' communications with third parties regarding the development, drafting, and/or publication of the book "Tied Up in Knots" ("the work")

f) Drafting process for the work

g) Authorship of the work

h) Drafts of the work

i) Negotiations of and entrance into contracts between Plaintiff and Defendants

j) Publication of the work

k) Marketing and advertising of the work

l) Efforts made relative to potential *New York Times* Bestseller status of the work

m) The relationship between Ms. Tantaros' loss of employment and her ability to promote sales of the work

n) Payments received by Defendants related to the work

o) Payments made to Plaintiff related to the work

Plaintiff reserves the right to take discovery on additional subjects based upon responses to discovery requests, any defenses raised by Defendants, and any counterclaims raised by Defendants.

2) Defendants anticipate taking discovery on the following additional subjects:

a) Communications between Plaintiff and anyone regarding the work

b) The relationship and communications between Plaintiff and Fox News Network, LLC ("Fox News") and Fox News' current and former employees and contractors regarding Ms. Tantaros and the work

c) The source of funding for Plaintiff's payment of attorney's fees in this matter

The Parties expect fact discovery to be completed within six months, which is May 16, 2018. The Parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The following interim deadlines may be extended by the written consent of the Parties without application to the Court, provided that all fact discovery is completed by the foregoing deadline.

(C) Fact Discovery

1) The Parties agree that Requests for Production of Documents are to be served as early as the Parties may elect, but no later than March 16, 2018 (60 days before the close of fact discovery, excluding weekends).

2) The Parties agree that Interrogatories are to be served as early as the Parties may elect but no later than by March 30, 2018 (45 days before the close of fact discovery, excluding weekends).

3) The Parties agree that deposition notices are to be served as early as the Parties may elect. Depositions shall be completed by May 9, 2018 (one week before the close of fact discovery).

4) The Parties agree that Requests to Admit are to be served as early as the Parties may elect but no later than March 30, 2018 (45 days before the close of fact discovery, excluding weekends).

(D) Expert Discovery

1) Expert discovery shall close on June 11, 2018 (25 days after the close of fact discovery, excluding weekends)

2) Expert reports shall be due on or before May 23, 2018 (one week after the close of fact discovery).

3) The Parties agree that rebuttal expert reports shall be due on or before May 30, 2018 (one week after the disclosure of expert reports).

4) The Parties agree that depositions and discovery of all experts shall be completed between May 31, 2018 and June 11, 2018.

5) The Parties do not otherwise believe discovery should be conducted in phases or limited to or focused on particular issues.

(E) Issues about Disclosure, Discovery, or Preservation of Electronically Stored Information

The Parties have had preliminary discussions about the production of material that has been electronically stored. The Parties will continue to discuss such material and will agree upon a process and protocol for production.

(F) Issues about Claims of Privilege or of Protection

The Parties have discussed issues regarding claims of privilege and protection of trial materials. In the event of inadvertent disclosure, the receiving party agrees to return or destroy such privileged material. In the event of a dispute regarding the privilege, the receiving party may retain a copy, but may not review it or use it until the Court has resolved the dispute.

The Parties intend to execute a stipulated protective order, which will be submitted in due course for entry by the Court.

(G) Changes in the Limitations on Discovery

The Parties propose no changes in the limitations on discovery, except in accordance with the foregoing.

(H) Any Other Orders under Rule 26(c) or Rule 16(b) and (c)

Consistent with this Court's Individual Practices, the Parties hereby submit a proposed Scheduling Order, attached as Exhibit A hereto.

Dated: November 16, 2017                    Respectfully Submitted,

                                           /s/ Jay M. Wolman
                                           Jay M. Wolman (JW0600)
                                           RANDAZZA LEGAL GROUP, PLLC
                                           100 Pearl Street, 14th Floor
                                           Hartford, CT 06103
                                           Tel:  702-420-2001
                                           Fax:  305-437-7662
                                           Email:  ecf@randazza.com

Ronald D. Green, *pro hac vice*
RANDAZZA LEGAL GROUP, PLLC
4035 S. El Capitan Way
Las Vegas, NV 89147
Tel:  702-420-2001
Fax:  305-437-7662
Email: ecf@randazza.com

*Attorneys for Plaintiff,*
*Michael Krechmer*


MORGAN, LEWIS & BOCKIUS LLP

By: */s/  Martha B. Stolley*
Martha B. Stolley
martha.stolley@morganlewis.com
Jawad B. Muaddi
jawad.muaddi@morganlewis.com

101 Park Avenue
New York, New York  10178
(212) 309-6000

*Attorneys for Defendants Andrea Tantaros*
*and Astero, LLC*

Case No. 16-cv-7820 (KBF)

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on November 16, 2017, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I further certify that a true and correct copy of the foregoing document is being served via transmission of Notices of Electronic Filing generated by CM/ECF.

Respectfully Submitted,

_____
Employee,
Randazza Legal Group, PLLC