UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X

MICHAEL KRECHMER, a/k/a
"MICHAEL MALICE,"

                                        Plaintiff,

                    -v-

ANDREA K. TANTAROS and
ASTERO, LLC,

                                        Defendants.
------------------------------------------------------------ X

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: December 1, 2017
```

16-cv-7820 (KBF)

OPINION & ORDER

KATHERINE B. FORREST, District Judge:

The history of this case is long and winding.  Plaintiff first commenced this action against defendants Andrea Tantaros ("Tantaros") and Astero, LLC ("Astero") (collectively, "defendants") on October 6, 2016, asserting both copyright and breach of contract claims related to authorship of Tantaros's book "Tied Up in Knots."  (See Compl., ECF No. 111.)  For reasons that are irrelevant to this Opinion & Order, the case proceeded under seal from that date until August 9, 2017.  (See ECF Nos. 46, 53.)  On October 2, 2017, this Court dismissed plaintiff's federal copyright claims and granted plaintiff leave to file an amended complaint that included a sufficient basis for subject matter jurisdiction.  (See ECF No. 116.)  Plaintiff duly filed an amended complaint (the "First Amended Complaint" or "FAC") on October 11, 2017, asserting diversity jurisdiction.  (See FAC, ECF No. 123.)

Currently before the Court is defendant's motion to dismiss the FAC for lack of subject matter jurisdiction.  (ECF No. 126.)  This Opinion & Order does not

address the substantive merits of plaintiff's FAC, but rather is directed to the threshold issue of whether this Court has subject matter jurisdiction over the remaining breach of contract claims.  Because the Court concludes that it does not, defendant's motion to dismiss is GRANTED.

## I.    LEGAL PRINCIPLES

It is well-established that this Court, like all federal courts, is one of limited jurisdiction.  As such, Federal Rule of Civil Procedure 12(b)(1) provides for dismissal of a claim where the Court lacks subject matter jurisdiction.  See Fed. R. Civ. P. 12(b)(1).  By virtue of 28 U.S.C. § 1332, this Court has subject matter jurisdiction over actions between "citizens of different States."  "[D]iversity jurisdiction is available only when all adverse parties to a litigation are completely diverse in their citizenships."  Herrick Co. v. SCS Commc'ns, Inc., 251 F.3d 315, 322 (2d Cir. 2001).  A person's "domicile" determines his or her citizenship.  Palazzo ex rel. De Image v. Corio, 232 F.3d 38, 41-42 (2d Cir. 2000).  The Second Circuit defines domicile as "the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning."  Id. at 42.  It is well settled that diversity, and in turn domicile, is assessed as of the time an action is commenced.  See, e.g., Freeport–McMoRan, Inc. v. KN Energy, Inc., 498 U.S. 426, 428 (1991).

The plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence.  See Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992); Aurecchione v. Schoolman Transp. Sys., Inc., 426 F.3d 635, 638 (2d Cir.

2005); see also Amidax Trading Grp. v. S.W.I.F.T. SCRL, 671 F.3d 140, 145 (2d Cir. 2011) ("[T]o survive [defendant's] Rule 12(b)(1) motion to dismiss, [plaintiff] must allege facts that affirmatively and plausibly that it has standing to sue.")  When a factual challenge to the court's jurisdiction has been raised, "the court may resolve [any] disputed jurisdictional fact issues by referring to evidence outside of the pleadings." Zappia Middle East Constr. Co. v. Emirate of Abu Dhabi, 215 F.3d 247, 253 (2d Cir. 2000).  In resolving such challenges, the Court must construe all ambiguities and draw all inferences in plaintiff's favor.  See Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000).

## II.   DISCUSSION

It is undisputed that plaintiff is a citizen of New York.  (See FAC ¶ 1.)  The only dispute here is the citizenship of defendant Tantaros. If Tantaros was a citizen of New Jersey at the time this action was filed, complete diversity exists under 28 U.S.C. § 1332 and this Court has subject matter jurisdiction over plaintiff's claims. If she was a citizen of New York, however, complete diversity is destroyed, and this Court lacks subject matter jurisdiction.  See Herrick Co., 251 F.3d at 322.  The Court concludes based on a preponderance of the evidence that Tantaros was a citizen of New York at the time this action was filed, and therefore defendant's motion to dismiss must be granted.

The FAC alleges that Tantaros "resides and is domiciled in the State of New Jersey."  (FAC ¶ 2.)  In support of that, the FAC further alleges that "[w]hen Plaintiff's process server attempted to serve Ms. Tantaros at [154 W. 70th Street in

New York, New York] . . . he was informed by the person in charge . . . that she no longer lived there." (Id. ¶ 12, Ex. 2.) Plaintiff also points to the fact that: (1) Tantaros previously asserted New York and New Jersey residence in a separate case in the District of New Jersey; (2) a report submitted in a separate case in this district asserted that Tantaros had a "current address" of 16 W Joan Rd, Beach Haven, NJ 08008; and (3) Tantaros "has been found in Beach Haven, New Jersey, since at least 2015." (Id. ¶¶ 16, 19.)

In response, defendants have submitted two declarations demonstrating that Tantaros "rents an apartment in New York, has New York voter registration, pays New York city and state taxes, has her bank account in New York, has a New York driver's license, and has her car registered and insured in New York." (Mem. of Law in Supp. of Defs.' Mot. to Dismiss the Amend. Compl. ("Defs.' Mot.") at 10, ECF No. 127; see also Decl. of Martha B. Stolley ("Stolley Decl."), ECF No. 128; Decl. of Andrea Tantaros ("Tantaros Decl."), ECF No. 129.) Those declarations are consistent with Tantaros's original Local Rule 26.1 ("Rule 26.1") response (dated November 1, 2016), which asserts that "[a]lthough I rent a vacation home in New Jersey . . . my primary residence is in New York State, the State in which, among other things, I rent an apartment, I am registered to vote, I pay city and state taxes, I register my car and pay insurance." (See Stolley Decl. Ex. 1.)

Plaintiff has not submitted any evidence or declaration to rebut defendants' assertions. Instead, plaintiff relies on the allegations contained in the FAC, argues that Tantaros's original Rule 26.1 response was "irregular" and "insufficient", and

argues that while "the exhibits attached to the declarations of Tantaros and her counsel provide indicia that, at some point, Tantaros may have been a New York domiciliary", "they do not prove she was a New York domiciliary at the moment the case was filed."  (Pl.'s Opp'n to Defs.' Mot. to Dismiss the Amend. Compl. ("Pl.'s Mem.") at 6-8, ECF No. 132.)  This Court disagrees on all fronts.  First, although there may have been minor technical defaults with Tantaros' original Rule 26.1 response, the Court finds its contents highly probative of Tantaros's domicile as of the time this action was filed.  Combined with the strong and consistent evidence contained in the Stolley and Tantaros declarations, and the comparative paucity of support for plaintiff's allegation that Tantaros is a <u>domicile</u> of New Jersey (including a "double hearsay statement[] of someone who told Plaintiff's process server that Ms. Tantaros used to live . . . in a particular building in New York City" and the address of Tantaros's vacation home), the Court easily concludes by a preponderance of the evidence that Tantaros was a domicile and citizen of New York at the time this action was filed.  Accordingly, this Court lacks subject matter jurisdiction, and defendants' motion to dismiss is GRANTED.

The Court further concludes that jurisdictional discovery is unwarranted here, and that plaintiff should not be granted leave to further amend his complaint. As to the first point, the Court has repeatedly informed the parties that discovery should be ongoing in this matter.  If plaintiff has not already sought discovery on a key jurisdictional issue, that was a tactical decision on his part.  Further, although Federal Rule of Civil Procedure 15(a)(2) provides that leave to amend "should be

freely given when justice so requires", it is ultimately "within the sound discretion of the district court to grant or deny leave to amend." <u>McCarthy v. Dun & Bradstreet Corp.</u>, 482 F.3d 184, 200 (2d Cir. 2007). Based on a review of the materials already submitted (which indicate clearly that Tantaros is and was a domicile of New York), and the fact that plaintiff has already been given one opportunity to amend his complaint to plead diversity jurisdiction, the Court does not believe further amendment of the complaint is warranted here.

III.   CONCLUSION

For the reasons stated above, defendant's motion to dismiss the FAC at ECF No. 126 is hereby GRANTED.

The Clerk of Court is directed to terminate all open motions and to terminate this case.

SO ORDERED.

Dated:   New York, New York
         December 1, 2017

_____
     KATHERINE B. FORREST
     United States District Judge