**MANDATE**

N.Y.S.D. Case # 16-cv-7820(KBF)

17-4061-cv
*Krechmer v. Tantaros*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of August, two thousand eighteen.

PRESENT: JOSÉ A. CABRANES,
 ROSEMARY S. POOLER,
  *Circuit Judges*
 J. PAUL OETKEN,
  *District Judge.*[1]

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Sep 14 2018

MICHAEL KRECHMER, a/k/a MICHAEL MALICE,

 *Plaintiff-Appellant,*

v.  17-4061-cv

ANDREA K. TANTAROS, ASTERO, LLC,

 *Defendants-Appellees.*

---

[1] Judge J. Paul Oetken, of the United States District Court for the Southern District of New York, sitting by designation.

MANDATE ISSUED ON 09/14/2018

_____

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | JAY M. WOLMAN, Randazza Legal Group, PLLC, Hartford, CT. |
| **FOR DEFENDANTS-APPELLEES:** | LEVI LECHES (Shella Sadovnik, Christian S. Molnar, *on the brief*), Arendsen Cane Molnar LLP, Beverly Hills, CA. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Katherine B. Forrest, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the December 4, 2017 judgment of the District Court is **AFFIRMED**.

Plaintiff-appellant Michael Krechmer ("plaintiff") appeals from two District Court orders granting the successive motions of defendant-appellee Andrea K. Tantaros ("Tantaros") and Astero, LLC (Astero) (collectively, "defendants") to dismiss plaintiff's Complaint and First Amended Complaint. Plaintiff first commenced this action against defendants on October 6, 2016, asserting both copyright and breach of contract claims relating to the authorship of defendant Tantaros's book *Tied Up in Knots* ("the Book"). On September 29, 2017, the District Court dismissed plaintiff's federal copyright claims and granted plaintiff leave to file an amended complaint after plaintiff asserted that he could plead a basis for diversity jurisdiction if the court dismissed plaintiff's federal question claims. On December 1, 2017, the District Court dismissed plaintiff's First Amended Complaint for failure to plead diversity jurisdiction. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

## I.

We first consider the District Court's September 29, 2017 dismissal in full of plaintiff's initial complaint. We review *de novo* a district court's dismissal pursuant to Rules 12(b)(1) and 12(b)(6), taking all facts alleged in the complaint as true and drawing all reasonable inferences in favor of the plaintiff. *See Jaghory v. New York State Dep't of Educ.*, 131 F.3d 326, 329 (2d Cir. 1997).

In addition to various state law claims for breach of contract, plaintiff purports to allege two federal claims in his complaint: (1) a claim for relief under the Declaratory Judgment Act, 28 U.S.C. § 2201 (DJA), and (2) a violation of the Digital Millennium Copyright Act, 17 U.S.C. § 1202(a) (DMCA). In its September 29, 2017 order, the District Court did not specify whether it dismissed plaintiff's complaint pursuant to Fed. R. Civ. P 12(b)(1) or 12(b)(6), both of which were raised by

2

defendants in their motion to dismiss. However, we may affirm the district court's judgment on any basis that finds support in the record. *Citrus Marketing Board of Israel v. J. Lauritzen A/S*, 943 F.2d 220, 223 (2d Cir. 1991). Thus, although we are unsure of the specific Federal Rule on which the District Court relied, we conclude that plaintiff's initial complaint warranted dismissal in full. Plaintiff's DJA claim was properly dismissed under Rule 12(b)(1). His DMCA claim was properly dismissed under Rule 12(b)(6). And the District Court did not abuse its discretion in declining to exercise jurisdiction over plaintiff's remaining state law claims.

### A. Plaintiff's DJA Claim

It is well established that "the Declaratory Judgment Act does not extend the jurisdiction of the federal courts." *Medtronic., Inc. v. Mirowski Family Ventures, LLC*, 571 U.S. 191, 196 (2014) (internal quotation marks omitted). Whether there is federal question jurisdiction over a declaratory judgment action depends on whether "a coercive action brought by the declaratory judgment defendant … would necessarily present a federal question." *Id.* (internal quotation marks omitted). Thus, whether we have jurisdiction over plaintiff's DJA claim depends on whether plaintiff is asking us to resolve a potential action that could arise under the Copyright Act.

"[A]n action 'arises under' the Copyright Act if and only if the complaint is for a remedy expressly granted by the Act, e.g. a suit for infringement … or a claim requiring construction of the Act." *T. B. Harms Co. v. Eliscu*, 339 F.2d 823, 828 (2d Cir. 1964). The mere fact that a contract deals with the disposition of a copyright or there is a dispute as to who owns the copyright does not implicate the Copyright Act: "[t]he general interest that copyrights, like all other forms of property, should be enjoyed by their true owner is not enough" to allege a wrong delineated by the Act, or a remedy provided by it. *Id.*

Plaintiff has not "used or threatened to use copyrighted material." *Id.* Nor has he distributed any copyright management information. Tantaros would have no action of copyright infringement or any other copyright violation against him. Plaintiff is thus merely asking for a declaration of copyright ownership, something for which "relevant statutes create no explicit right of action." *Id.* at 827; *see also Scholastic Entm't, Inc. v. Fox Entm't Grp., Inc.*, 336 F.3d 982, 987-88 (9th Cir. 2003) (applying *T.B. Harms* and denying subject matter jurisdiction when "the ownership issue is the sole question presented for review.")

3

### B. Plaintiff's DMCA Claim

Although plaintiff correctly argues that the copyright registration requirement imposed by 17 U.S.C. Section 411(a) is not a 12(b)(1) jurisdictional bar to a DMCA action, *see Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 168-69 (2010), plaintiff's DMCA claim does not meet 12(b)(6) plausibility standards. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'") (internal citation omitted).

Section 1202(a) of the DMCA provides that "no person shall knowingly and with the intent to induce, enable, facilitate, or conceal infringement— (1) provide copyright management information that is false, or (2) distribute or import for distribution copyright management information that is false." 17 U.S.C. § 1202(a). "Copyright management information" ("CMI") includes the name of the copyright owner—including as set forth in the notice of copyright—and the name of the author. 17 U.S.C. § 1202(c)(2), (c)(3). In order to plead a violation of § 1202(a), plaintiff thus must plausibly allege that defendant knowingly provided false copyright information *and* that the defendant did so with the intent to induce, enable, facilitate, or conceal an infringement.

Plaintiff does not set forth any factual basis for pleading this double scienter requirement. Plaintiff's DMCA claim merely alleges that Tantaros is identified on the Book as its author, and that she is listed in the notice of copyright as its owner, which plaintiff alleges is false. Such facts do not amount to a plausible allegation that defendants knew that such copyright information was false—or that it is false, for that matter—and that defendants intended to conceal valid CMI. Tantaros is listed as the Book's author because the clear terms of the parties' Collaboration agreement, as well as the purported terms of the parties' subsequent oral agreement, specified that Tantaros would be listed as the sole author of the book. Even accepting plaintiff's allegations of non-payment for his services as true, such allegations do not suggest that defendants had any reason to believe that the terms of their agreements with plaintiff conferred any copyright ownership on plaintiff.

Thus, upon review of the record, we conclude that plaintiff failed to allege a plausible violation of the DMCA. The operative allegations in plaintiff's complaint allege a straightforward breach of contract claim. Plaintiff cannot "use Section 1338 as a means of obtaining federal jurisdiction over a purely contractual dispute by inappropriate or bad-faith pleading of a copyright claim." *Bassett v. Mashantucket Pequot Tribe*, 204 F.3d 343, 351 n.4 (2d Cir. 2000).

### C. Plaintiff's State Law Claims

The District Court acted within its discretion in declining to retain jurisdiction over plaintiff's remaining state law breach of contract claims. Where "all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988).

### II.

We next consider the District Court's dismissal of plaintiff's First Amended Complaint for failure to plead diversity jurisdiction. On appeal from an order dismissing an action for lack of subject matter jurisdiction, we review factual findings for clear error and legal conclusions *de novo*. *Maloney v. Soc. Sec. Admin.*, 517 F.3d 70, 74 (2d Cir. 2008). In resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a district court, as it did here, may refer to evidence outside the pleadings. *See Kamen v. American Tel. & Tel. Co.*, 791 F.2d 1006, 1011 (2d Cir. 1986). A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists. *See Malik v. Meissner,* 82 F.3d 560, 562 (2d Cir. 1996). We agree with the District Court that plaintiff failed to meet that burden here.

The District Court concluded in its December 1, 2017 order that Tantaros was a citizen of New York at the time plaintiff's First Amended Complaint was filed. The District Court relied on a variety of evidence presented in defendants' second motion to dismiss and Tantaros's declaration supporting that motion, as well as evidence included in plaintiff's own complaint. Such evidence included (1) Tantaros's assertion that she rents an apartment in New York; (2) Tantaros is registered to vote in New York; (3) Tantaros filed taxes in New York State and listed New York as her home state in 2016; (4) Tantaros has a New York driver's license and owns a car that is registered and insured in New York; and (5) Tantaros's bank account is in New York. In light of this evidence, we conclude that the District Court committed no error in making the factual finding that complete diversity among the parties did not exist.

Plaintiff relatedly argues that the District Court erred in denying further jurisdictional discovery on the issue of defendants' domicile. We disagree. We review the District Court's decision to deny further discovery and leave to amend for abuse of discretion. *Koehler v. Bank of Bermuda (New York) Ltd.*, 209 F.3d 130, 138 (2d Cir. 2000). At the time of the District Court's December 1, 2017 order, plaintiff had already been given one opportunity to amend his complaint for the specific purpose of pleading diversity jurisdiction. Plaintiff had ample time leading up to the filing of his First Amended Complaint to obtain discovery on this key jurisdictional issue. Because the evidence clearly

5

established that Tantaros was domiciled in New York, the District Court did not abuse its discretion in holding that any further discovery or pleading on defendants' domiciles would be futile.

## CONCLUSION

We have considered plaintiff's remaining arguments and find them to be without merit. For the foregoing reasons, we **AFFIRM** the judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

6

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit